## SOMBERG v. UNITED STATES.
### No. 5075.

Circuit Court of Appeals, Seventh Circuit.
June 19, 1934.

David D. Stansbury and George F. Callaghan, both of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and James C. Leaton, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The first count of the indictment charges conspiracy to commit an offense against the United States under section 37 of the Criminal Code, 18 USCA § 88. The second count charges concealment of property of Motor Parts Corporation, bankrupt, from its trustees, under 11 USCA § 52 (b) (1); the third count charges the falsifying of records of the corporation, under 11 USCA § 52 (b) (7); and the fourth count charges appellant and Goldberg, officers of the corporation, with having transferred and concealed its property in contemplation of bankruptcy and with intent to defeat the operation of the Bankruptcy Act and further charges that Frankel and the corporation abetted them in violation of 11 USCA § 52 (b) (6).

It is contended by appellant that the court erred in overruling the demurrer to each count of the indictment. The first count was challenged for the reason that no offense was therein charged. It charged that appellant as president and treasurer, and Goldberg as secretary, dominated and controlled the corporation, and that they together with the

corporation and Frankel, in contemplation of the bankruptcy of, and the election of a trustee in bankruptcy for the corporation, conspired that the said corporation should conceal from its trustee property which would then belong to the estate in bankruptcy. The specific objection raised is that the language does not charge that appellant and his codefendants conspired to conceal the assets, but that they conspired to have the corporation conceal them. With respect to this contention there is no merit. See Bartkus v. United States (C. C. A.) 21 F.(2d) 425. Appellant, however, contends that this count may not be construed to charge him with conspiracy to commit the crime by causing the company to commit it, because the second and fourth counts charge the concealment to him and Frankel. He bases this conclusion on the premise that the several counts of an indictment should be considered together. The premise is incorrect as applied to a separate demurrer to each count, and it necessarily follows that the conclusion is erroneous.

▮ Appellant's objection to the second count is that the charge of concealment is limited to August 6, 1930, and it is not alleged that the concealment was continuous thereafter. In other words he contends that unless concealment lasts, it ceases to be concealment, and if continuity is not alleged, the count is not sufficient to withstand demurrer. In alleged support of this contention he quotes from a dissenting opinion in Gretsch v. United States (C. C. A.) 231 F. 57, without designating it as such. However, in that case the validity of the indictment was not challenged by demurrer, nor was the question now before us presented. Under the indictment before us, time was not of the essence of the offense, and under its second count the act of concealment might have been proven at any time after the corporation became a bankrupt until the time the indictment was returned, although the exact time alleged was August 6, 1930. It is not denied that concealment of assets is a continuing offense, and that the entire continuous concealment constitutes but one offense. In other words, the concealor can be held but for one offense of concealing during the period of a continuous concealment. It may well be said that unless concealment lasts, it ceases to be concealment, but that is not tantamount to saying that the subsequent revealing of an illegal concealment renders the act legal ab initio. If illegal concealment presupposes continuity, then the general charge of illegal concealment is sufficient to withstand a demurrer, all other elements of the crime being present. The evi-

dence submitted unquestionably proved continuous concealment, for indeed so far as this record shows, the items concealed never were found. If it be admitted that continuity of concealment should have been alleged, yet the defect, if it be such, is one of form which, as shown by the evidence, did not tend to appellant's prejudice, and we are without authority to hold the count insufficient. 18 USCA § 556.

▮ Appellant's objection to the third count is that it is duplicitous and inconsistent in that it charges that the books were falsified after the filing of the bankruptcy petition and prior thereto, in contemplation of bankruptcy. It is at least questionable whether this alleged error was presented to the trial court, but conceding that it was, there was no error. Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097.

▮▮ With respect to this count appellant asserts error in the court's refusal to grant a bill of particulars as to the manner, the times, and the items of falsification of records. This was a matter within the discretion of the trial court and will not be disturbed unless abused. Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545. Appellant neither charges nor proved prejudice or surprise as a result of this ruling, and we are bound to hold there was no error. 18 USCA § 556; Kanner v. United States (C. C. A.) 21 F.(2d) 285.

▮ Appellant's objection to the fourth count is that the charging of concealment both in contemplation of bankruptcy and with intent to defeat the operation of the act constituted duplicitous pleading. Under the ruling in Wong Tai v. United States, supra, there was no error in overruling this contention. Appellant further contends that this count did not charge that the property alleged to be concealed was property of the bankrupt estate, or that it was concealed from the trustee or receiver. The count charges that the property concealed belonged to the Motor Parts Corporation, and that the concealment occurred in contemplation of bankruptcy, which of course would include the time prior to the adjudication and to the election of a trustee. It is clear that section 52 (b) (6) covers such a factual situation, and we are convinced that the count is sufficient to withstand the demurrer.

▮ It is further contended by appellant that the court erred in admitting in evidence the inventory of the receiver, on the grounds that it was not a book of original entry, and that it constituted secondary evidence, being

made from invoices and tags not produced. The inventory was made by four representatives of the receiver, three of whom testified and were cross-examined. The articles of merchandise in each bin or shelf were counted and memoranda thereof made on tags or stickers whose contents were thereupon transferred to the inventory. Price values were added thereto which were secured either from the original invoice or from the attested knowledge of one of the receiver's representatives. The tags and stickers were not produced, and their whereabouts were testified to be unknown. It is significant that the receiver's total value of the stock in trade exceeded the total in appellant's schedule by $3,-321. In laying a proper foundation for the admission of a record of original entry, it is not necessary to prove that such record contains the first memorandum or entry of a transaction. It is sufficient if it contains the first permanent entry of the transaction. Osborne v. United States (C. C. A.) 17 F.(2d) 246.

It is further contended by appellant that the court erred in admitting exhibits 6 to 20 inclusive, which purport to be books of account and records of the corporation, and which were found by the receiver in the office of the corporation and identified by appellant's employees who made the entries or had the exhibits in charge. The record discloses no denial of their genuineness. Appellant's objections are based on the alleged fact that there was no proof that the exhibits were made in the regular course of business; that they were accurately kept; that they were made contemporaneously with the transactions which they purport to reflect; that they were books of original entry; that appellant was familiar with the entries; that he knew the nature and character of the entries; or that they were made under his direction or supervision. Without further setting forth the character of these exhibits we hold there was no error in their admission. Kelly v. United States (C. C. A.) 47 F.(2d) 122; People v. Paisley, 288 Ill. 310, 123 N. E. 573.

In connection with the exhibits just referred to appellant contends that the court erred in permitting the Government to offer in evidence, all at the same time, exhibits 7 to 60 inclusive, and in requiring appellant to state his objections thereto. In this there was no error. Appellant did object to them severally and separately, and the record discloses neither allegation nor proof that appellant was in any manner prejudiced either by the offer or the admission.

The court over appellant's objection permitted one Monson, an expert witness, to testify as to his conclusions with respect to the course and conduct of the business affairs of the corporation. His testimony was based upon purported records of the corporation, exhibits 7 to 60, which we hold were properly admitted. He was cross-examined at length by appellant and the record discloses no denial of his testimony, nor that appellant's rights were in any way prejudiced. There was no error in admitting the witness' testimony.

Appellant contends there was error in sending Exhibit 21 to the jury room over his objections. This exhibit consisted of five bundles of canceled checks of the corporation attached or bound together, for December 1929, and February, March, and May, 1930. Defendant Goldberg testified, "I identify the checks and the signatures on them (as that) of S. J. Somberg. Sometimes I wrote the body of the check, sometimes Frankel, and sometimes Somberg." Appellant's objection is based upon the fact that each check contained in the exhibit was not separately identified by the witness. There is no merit in this contention. He further urges in argument that there were papers contained in the exhibit other than canceled checks, but we find nothing in the record to support this contention, and he makes no reference as to where it may be found.

It is further contended by appellant that there was error in admitting in evidence and sending to the jury room Exhibits 71 and 71a. These were graphs prepared by the expert witness Monson in aid of his testimony and were premised upon the evidence upon which his testimony was based. There was no error in this ruling. See United States v. Park Avenue Pharmacy (C. C. A.) 56 F.(2d) 753; Wahl v. Laubersheimer, 174 Ill. 338, 51 N. E. 860.

It is finally urged by appellant that the verdict and judgment are not supported by any evidence. This contention does not merit detailed discussion. A perusal of the entire record leaves no doubt in our minds that there was not only some substantial evidence to support each count, but there was an abundance of it, and of the most convincing character.

Judgment affirmed.