No.  12352

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

_____

C. E. MITCHELL AND SONS,

Plaintiff and Respondent,

-vs-

DELMAR DAVIS and CITY OF GREAT FALLS,

Defendants and Appellants.

_____

Appeal from:  District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellants:

Burton and Coder, Great Falls, Montana.
Howard C. Burton argued, Great Falls, Montana.

For Respondent:

E. F. Gianotti argued, Great Falls, Montana.

_____

Submitted:  April 26, 1973
Decided:  MAY 1 6 1973

Filed:MAY 1 6 1973

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from a judgment of the district court of Cascade County, sitting without a jury, finding an indebtedness owed to plaintiff by defendant City of Great Falls in the amount of $618.52 with interest and costs. The case involves payments due for various materials, labor and equipment furnished by plaintiff to Delmar Davis, a contractor, engaged by the City of Great Falls to enlarge and make improvements on the municipal golf course. The City of Great Falls appeals from the judgment.

On July 29, 1963, the City of Great Falls entered into a written contract with Davis for the construction of improvements to the municipal golf course. Pursuant to the provisions of the written contract Davis furnished the City a performance bond. The surety was General Insurance Company of America with Don J. Morrison of Rainbow Electric Company, Great Falls, Montana, as indemnitor.

Davis, in the course of construction, hired Ed Mitchell to supervise the job and authorized him to secure the necessary equipment and materials. Mitchell hired some equipment from plaintiff C. E. Mitchell & Sons, charged some materials to plaintiff, and made a $4.00 phone call.

When plaintiff was not paid it sent a statement to the City for $771.68, representing the above items plus interest and service charges. Subsequently, Davis did some work for plaintiff reducing the bill. Thereafter plaintiff submitted an adjusted claim to the City for $618.52.

Other subcontractors of Davis submitted notice of their claims to the City in accordance with section 6-401 et seq., R.C.M. 1947.

After the project was completed the City made full payment to Morrison as the indemnitor for Davis. Morrison, in return, made payment to all of the subcontractors submitting their notices of claim with the exception of plaintiff and one other subcontractor. As a result of nonpayment, plaintiff subsequently filed this action against the City and Davis on June 30, 1965. Default was taken against Davis thereafter but the case was not prosecuted to judgment at that time. Thereafter Davis was declared a bankrupt and the claims of plaintiff were included in the bankruptcy. This cause

- 2 -

finally came on for trial on May 8, 1972; judgment was awarded to plaintiff against the City for $618.52. The City now appeals.

The underlying issue upon this appeal is whether a materialman or supplier of a contractor who has a public works contract with the City may hold the municipality liable for materials and supplies not paid for by the contractor but used in the performance of the contract. The district court held the City liable to the materialman. We reverse.

The City has no direct liability to subcontractors, laborers, materialmen and suppliers for work performed or materials supplied in the performance of a public works contract where a bond has been posted as required by statute. Section 6-401 et seq., R.C.M. 1947. There was no privity between the City and plaintiff to permit recovery against the City. The proper remedy for the plaintiff was to proceed on the public works bond.

Prior to the adoption of section 6-401 et seq., R.C.M. 1947, Montana followed the minority view which required an intent to benefit the third party beneficiary and a consideration passing from the beneficiary to the promisee in order for a third party to sue. In a 1927 case, Osborne v. United States, 17 F.2d 246 (9th Cir.), the federal court interpreting Montana's law regarding the rights of third party beneficiaries denied a supplier the right to maintain an action against the surety. See also Tatem v. Eglanol Mining Co., 45 Mont. 367, 123 P. 28. The belief then was that a moral not a legal obligation existed between the subcontractor (supplier) and surety. McDonald v. American Nat. B'k, 25 Mont. 456, 65 P. 896.

In 1931 section 6-401 et seq., R.C.M. 1947, was enacted requiring the contractor for a municipality to furnish a performance and payment bond. The purpose of the statute is to protect laborers and materialmen who supply contractors working on state or municipal projects (Bower v. Tebbs, 132 Mont. 146, 314 P.2d 731) by giving them " * * * the same right under the provisions

of such bond as if such work, services, provender, provisions, supplies or material, was furnished to the original contractor * * *." (Section 6-401, R.C.M. 1947, supra), thus insuring a third party's right of action against the surety. United States v. Reliance Insurance Co. of Philadelphia, Pa., 227 F.Supp. 939 (1964).

As a general rule, a performance bond on a public works contract is for the benefit and protection of the municipality. 63 C.J.S. Municipal Corporations, § 1172, p. 859. The municipality is not liable to a person who has furnished materials to a contractor for a public works project unless provided by statute. 63 C.J.S. Municipal Corporations, § 1215, p. 942. Section 6-401 et seq., R.C.M. 1947 allows a materialman who has supplied a subcontractor a direct action against the original or general contractor and surety; but it does not establish a claim or right of action against the City. Treasure State Industries v. Leigland, 151 Mont. 288, 443 P.2d 22; United States v. Reliance Insurance Co. of Philadelphia, Pa., supra.

For these reasons the judgment of the district court is reversed and the case dismissed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Hon. Alfred B. Coate, District Judge,
sitting in place of Mr. Justice John
C. Harrison.