THAYER v. KANSAS LOAN & TRUST CO. et al

(Circuit Court of Appeals, Eighth Circuit. March 26, 1900.)

No. 1,257.

1. FRAUD—DILIGENCE IN DISCOVERY—LIMITATION OF ACTIONS.

Under Gen. St. Kan. 1897, c. 95, § 12, providing that an action for relief on the ground of fraud must be brought within two years after the discovery of the fraud, an action for the recovery of money paid for the purchase of notes and mortgages, on the ground of false representations as to the value of the security and the solvency of the mortgagors, is barred after two years from the date of the purchase of the mortgages, in the absence of any allegation and proof that the fraud complained of could not, with due diligence, have been discovered within that time. The running of the statute in such case is not suspended until after foreclosure, and the measure of plaintiff's damage determined by judicial proceedings.

2. SAME—JUDGMENTS—ESTOPPEL.

In an action for the foreclosure of a mortgage, brought by the assignee of the mortgagee, the latter filed a cross bill for the recovery of payments made for taxes and insurance upon the mortgaged premises, and asking that the same be made a first lien upon the property. To the cross bill plaintiff pleaded a guaranty by the mortgagee to protect and hold harmless the plaintiff from all loss or damage by reason of any defect in the title to the land described in the mortgage, and that the mortgage was a first lien upon the property, and judgment upon the cross bill was rendered in favor of the mortgagee. Held, that the judgment was a bar to a subsequent action against the mortgagee upon the guaranty.

In Error to the Circuit Court of the United States for the District of Kansas.

This action was brought by Reuel H. Thayer, the plaintiff in error, against the Kansas Loan & Trust Company and Timothy B. Sweet, George M. Noble, and E. M. Sheldon, the defendants in error, to recover money alleged to have been obtained from him by fraud and deceit. The allegations of the complaint are, in substance, that on October 24, 1886, the trust company, of which the other defendants were officers, through its agents sold to the plaintiff in error certain mortgages on Kansas land to secure the payment of loans made by the trust company. The representations were that the mortgagors were not only solvent, but that the lands mortgaged to secure the loans were of much greater value than the mortgage debts, and that the loans were perfectly secure, all of which representations, it is alleged, were false, the lands being in fact of comparatively small value, and the mortgagors themselves insolvent, by reason whereof there was a large deficiency when the mortgages were foreclosed; and judgment is prayed for this amount, with interest. The second count of the petition is based upon the guaranty made by the trust company, whereby it agreed to protect and hold harmless from all loss or damage by reason of any defect in the title to the land or premises described in one of the trust deeds purchased by the plaintiff in error from it, and also that the trust deed was a first lien on the property. In that count of the petition it is further alleged that the defendants, notwithstanding their written guaranty, and for the purpose of defrauding the plaintiff in error, although they knew that the mortgagor had only paid one single installment of the interest on the loan, and had suffered the taxes upon the property to go unpaid for the purpose of cheating the plaintiff, paid the interest installment out of their funds, and gave him no notice of the mortgagor's default in the payment of the interest or in the payment of the taxes; that they had taken from the mortgagor a second mortgage, which they caused to be foreclosed, and at the foreclosure sale the land was bid in by the defendant Noble, but afterwards, on July 29, 1892, plaintiff instituted foreclosure proceedings in the district court of Dickinson county, Kan., where the land was situated, making defendants in this action defendants in that suit, and in which suit there was a decree of foreclosure, and the land ordered to be sold, and was bid in by the plaintiff for the sum of $7,500, although the amount adjudged to be due him upon his mortgage was over $32,000; that by the decree rendered in that cause in the state court the plaintiff was compelled to pay to the defendants who had filed a cross bill the sum of $4,881.90, which was declared by the state court to be a prior lien to that of his mortgage, for taxes and insurance paid out by the defendants on the property, which decree was never appealed from and is in full force. The answer of the defendants sets up a number of defenses, but it is only necessary to notice two of them: First, it pleads the statute of limitations of two years to all the counts of the petition except the second count; and, as a defense to the second count, it pleads a former adjudication of the matter set out in that count, in the action which had been determined by the state court, a copy of which is filed as an exhibit to the answer. Upon the hearing of the cause the court directed the jury to render a verdict for the defendants; having during the progress of the trial held that no evidence was admissible to sustain the allegations in the second count of the petition, for the reason that it appeared from the petition that the subject-matter in controversy set forth in that count had been fully adjudicated and determined between the parties by the decision of the district court of Dickinson county, Kan., to which ruling of the court exception was duly saved. As to the other counts, the court held that under the statute of Kansas they were barred by the statute of limitations of two years, to which ruling of the court exceptions were properly saved.

David Overmyer, for plaintiff in error.

Charles Blood Smith (W. H. Rossington and George H. Whitcomb, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The statute of limitations of the state of Kansas, so far as it is applicable to the issues in this case, is as follows:

"Sec. 12. Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued, and not afterwards. * * * Third. Within two years * * * an action for relief on the ground of fraud. The cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." Gen. St. Kan. 1897, c. 95.

Under this statute the cause of action is not deemed to have accrued until the discovery of the fraud, but it is not sufficient to allege or to show merely that the defendant had no notice of the fraud, in order to defeat the plea of the statute of limitations. It must be also alleged and proved that there has been such concealment as would prevent a person exercising due diligence from discovering the facts. Murray v. Railway Co., 35 C. C. A. 62, 92 Fed. 868. In the case cited we quoted from the case of Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, where the rule on this subject is succinctly and clearly stated. See, also, Hardt v. Heidweyer, 152 U. S. 547, 14 Sup. Ct. 671, 38 L. Ed. 548; Credit Co. of London v. Arkansas Cent. R. Co., 5 McCrary, 31, 15 Fed. 46. The transaction between the plaintiff and the defendants took place in 1886. There is nothing shown in the petition why the plaintiff could not have discovered the true value of the mortgaged property, and the financial condition of the mortgagors, within two years thereafter, and certainly such discovery could have been made more than two years before the institution of this suit. There is no allegation or proof to show that he made any effort to ascertain these facts. Plaintiff merely relied upon the statements made to him by the agents of the defendant trust company. The learned counsel for the plaintiff in error ingeniously claims that, as a false affirmation made by the party with intent to defraud the plaintiff is not actionable unless the plaintiff received or suffered damages thereby, the statute of limitations did not begin to run until after the foreclosure proceedings by the plaintiff had been concluded, and a sale of the premises made, as until then he could not tell what his damages, if any, would be by reason of the deceit and fraud of the defendants. While it is true that no action for deceit will lie unless the party defrauded has been damaged thereby, yet it does not follow that the amount of damages must first be ascertained by judicial proceedings, before the statute of limitations is set in motion. We are, in effect, asked by the learned counsel for the plaintiff in error to add to the statute so as to make it read:

"The cause of action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud and the ascertainment by the plaintiff of the loss sustained by him by reason of the transaction."

Courts are compelled to indulge in a good deal of judicial legislation, but it is never done to the extent and in the manner here sug-

gested. It is commonly confined to cases of first impression, and does not invade fields already fully covered by express legislative enactment. The contention that the statute begins to run, not from the discovery of the fraud, but from the judicial ascertainment of the amount of the loss sustained by the fraud, is not tenable. Amy v. Watertown, 130 U. S. 320, 9 Sup. Ct. 537, 32 L. Ed. 953; Jones v. Lemon, 26 W. Va. 629; Bennett v. Worthington, 24 Ark. 487; Murray v. Railway Co., supra. The plaintiff's causes of action set forth in all the counts except the second are clearly barred by the statute of limitations.

As to the second count, the petition shows on its face that it had been fully adjudicated by the district court of Dickinson county, Kan., between the same parties. When that court determined that the defendants were entitled to recover the sum of $4,881.90, as a first lien upon the property, and that the plaintiff could not avail himself of the written guaranty as against that claim of the defendants, it in effect decided that the plaintiff could not recover from the defendants on that guaranty. Whether the state court erred in its judgment, it is not our province to determine. The supreme court of Kansas was the only court which had the power to review that judgment, and, plaintiff having failed to secure a reversal from the court which had the exclusive appellate jurisdiction over the state court, its judgment is final and conclusive. Nesbit v. Independent Dist., 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562; Railroad Co. v. Alsbrook, 146 U. S. 279, 13 Sup. Ct. 72, 36 L. Ed. 972; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463.

When the defendants in this suit filed their cross complaint in the foreclosure suit in the state court, and asked for repayment of the sums of money paid out by them for insurance and taxes on the lands covered by the mortgages purchased by the plaintiff, and plaintiff pleaded the guaranty upon which the second count of his petition in this action is based, the validity and effect of that guaranty were properly before the court; and as the plaintiff and defendants were parties to that action, and the state court had full jurisdiction over the matter, its judgment is conclusive, and res adjudicata. There was no error in the action of the court in excluding the evidence offered by the plaintiff in error on the second count, as that count showed on its face that the matter had been adjudicated between the parties by a court of competent jurisdiction. The judgment of the circuit court is affirmed.