### UNITED STATES v. NEWMAN.

District Court, S. D. New York.

June 7, 1945.

Archibald Palmer, of New York City (Samuel Masia, of New York City, of counsel), for defendant.

Charles J. Wagner, Asst. U. S. Atty., of New York City, for United States.

CAFFEY, District Judge.

The defendant seeks dismissal of the indictment on the ground, as he claims, that it is barred by the three years' statute of limitations.

In the third paragraph of the indictment, near the beginning, it is alleged that concealment of property by the defendant from his trustee in bankruptcy occurred "on or about September 14, 1947." Obviously this was a typographical error. As counsel on both sides concede, what was meant is September 14, 1937. Near the end of the notice of motion the defendant states that if there was a crime, its commission took place on September 14, 1937. So also in the second line from the bottom of the first page of the moving affidavit the year in the date of September 14, 1947, is declared to have been "intended to be 1937."

Accordingly, I shall treat the matter as if it had been expressly averred in the indictment that the concealment charged began on September 14, 1937, and shall also assume that the trustee qualified that day. If so, then it is indisputable that a concealment such as is described in the indictment was an offense. Cf. United States v. Trotter, D.C.,S.D.Ala., 8 F.Supp. 275, and cases there cited.

We are not concerned with the original Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 554, 11 U.S.C.A. § 1 et seq. In dealing with the problem presented, however, we must consider the Act of May 27, 1926, c. 406, Section 11, 44 Stat. 665, and the Act of June 22, 1938, c. 575, Section 1, 52 Stat. 855, 11 U.S.C.A. § 52. Our attention will be almost entirely confined to subdivisions b and d of Section 29 of both Acts as amended in 1926 and 1938, 11 U.S.C.A. § 52, subs. b, d.

The 1926 Act went into effect August 27, 1926 (Section 20, 44 Stat. 668), and the 1938 Act went into effect September 22, 1938, Section 7, 52 Stat. 940, 11 U.S.C.A. § 1 note.

In Section 29 of the two statutes subdivision b is identical and subdivision d, without the proviso therein, is also identical. Section 29 defines certain offenses, including concealment of property of a bankrupt. The pertinent portion of subdivision b is as follows: "A person shall be punished by imprisonment * * * upon conviction of the offense of having knowingly and fraudulently (1) concealed from the * * * trustee * * * property belonging to the estate of a bankrupt; * * *." Omitting the proviso referred to in the 1938 Act, the pertinent portion of subdivision d is as follows: "A person shall not be prosecuted for any offense

arising under this Act unless the indictment is found or the information is filed in court within three years after the commission of the offense: * * *" (extracts from the 1926 Act, 44 Stat. 665, 666; extracts from the 1938 Act, 52 Stat. 855, 856).

The parts just quoted from the two statutes are clear. If the proviso in subdivision d of Section 29 of the 1938 Act were disregarded, then manifestly the period of the statute of limitations under each statute would be three years "after the commission of the offense." In other words, accepting September 14, 1937, as the initial date on which the crime was said to have been committed, prosecution of the offense would have been barred on September 14, 1940. Accordingly, the one crucial matter which has been debated and the sole question for consideration is the significance of the proviso in subdivision d of Section 29 of the 1938 Act.

The proviso mentioned is as follows: "Provided, That the offense of concealment of assets of a bankrupt shall be deemed to be a continuing offense until the bankrupt shall have been finally discharged, and the period of limitations herein provided shall not begin to run until such final discharge" 52 Stat. 856.

Employing September 14, 1937, as the beginning date upon which the indictment charges that concealment commenced, when the 1938 Act went into effect on September 22, 1938, the three year statute of limitations had then been running only one year and eight days. Otherwise put, if the 1938 proviso be taken as amending subdivision (d) with respect to limitations, it follows that the one year and eight days already run was wiped out. It follows also that, the offense having been made continuing, the new statute of limitations did not begin to run until the final discharge of the bankrupt.

As I understand them, there is no dispute between counsel as to the proviso clause having the meaning I have attributed to it. Really the exclusive controversy between them is whether, if the clause be so interpreted, it is valid.

Obviously if the former statute of limitations had been completely repealed and no substitute had been supplied, the action of Congress would have been well within its powers. If this be true, equally, as it seems to me, it must result that the substitute is valid. No Federal decision so holding has been drawn to my attention. Nevertheless, I am convinced that two State cases which have been cited and which I have examined sustain the proposition. These are Commonwealth v. Duffy, 96 Pa. 506, 507, 514, 515, 42 Am.Rep. 554, and Moore v. State, 43 N.J.L. 203, 213, 228, 229, 39 Am.Rep. 558.

If the defendant has been finally discharged, that has not been shown either in the indictment or otherwise. This remains to be brought out at the trial. The indictment was filed February 8, 1945. But whether there was a discharge more than three years earlier is an issue which, in the existing condition of the record, does not affect disposition of the present motion.

The defendant argues that if Section 29 of the Act be construed in the way my holding approves, bankrupts will or may suffer injustice and sound public policy be violated under Section 32, 11 U.S.C.A. It is said this is true because of some conflict between or confusion in the sections. I feel that there are several answers. These are that (1) I doubt whether such results would ensue. (2) If so, the remedy is to seek amendment of one or both of the sections. (3) Difficulties such as are anticipated are an insufficient justification for refusing to adopt an interpretation of Section 29 which its language plainly demands. (4) Unwise public policy is not the equivalent of lack of power or if (as here) Congress possess the authority to legislate as it has done in the two sections named, that is not the business of this court.

Motion denied. Settle order on two days' notice.