### UNITED STATES v. NAZZARO et al.

District Court, S. D. New York.
March 14, 1946.

John F. X. McGohey, by Frederick J. Waters, both of New York City, for the United States.

Moses Polakoff, of New York City, for defendant.

BONDY, District Judge.

This is a motion by the defendants to dismiss an indictment on the ground that, as appears on its face, the prosecution of the offenses charged therein is barred by the statute of limitations.

The second count of the indictment charging conspiracy to conceal assets from the trustee of an estate in bankruptcy was dismissed upon consent of the United States Attorney.

The first count charges the defendants with the offense of fraudulently concealing assets belonging to the estate in bankruptcy of Rona Dyeing & Finishing Company, Inc. in violation of Sec. 29, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. b.

It alleges that on March 16, 1939 the company, upon its petition, was adjudicated a bankrupt, that on April 7, 1939 a trustee was appointed for the estate and that, from March 1, 1938 (sic) to the date of the filing of the indictment, the defendants fraudulently concealed from such trustee assets belonging to the estate. The indictment was filed on August 3, 1945.

Section 29, sub. d, of the Act, 11 U.S.C.A. § 52, sub. d, provides:

"d. A person shall not be prosecuted for any offense arising under this title un-

less the indictment is found or the information is filed in court within three years after the commission of the offense: Provided, That the offense of concealment of assets of a bankrupt shall be deemed to be a continuing offense until the bankrupt shall have been finally discharged, and the period of limitations herein provided shall not begin to run until such final discharge."

Section 14, sub. a, of the Act, as amended, 11 U.S.C.A. § 32, sub. a, provides:

"a. The adjudication of any person, except a corporation, shall operate as an application for a discharge: Provided, That the bankrupt may, before the hearing on such application, waive by writing, filed with the court, his right to a discharge. A corporation may, within six months after its adjudication, file an application for a discharge in the court in which the proceedings are pending."

The bankrupt corporation never applied for a discharge and its time to do so expired six months after the date of adjudication, or September 16, 1939.

The defendants contend that, if Section 29, sub. d, is literally construed, they will be subjected to unusual hardship because prosecution for their offenses will never be barred.

In an exhaustive opinion in United States v. Fraidin, 63 F.Supp. 271, the United States District Court for the District of Maryland held that Congress could not have intended such hardship and that accordingly the Act should be construed as though it provided 'that the offense of concealment of assets of a bankrupt shall be deemed to be a continuing offense until the bankrupt shall have been finally discharged, that the period of limitations shall not begin to run until such final discharge or until the denial thereof and that the expiration of the time limited by statute to apply for a discharge shall · be considered the equivalent of a denial thereof.

The provisions of Section 29, sub. d, are not ambiguous. Congress and not the courts must determine if and when prosecution for an offense should be barred by limitation. No legislative history has been found or called to the attention of the court indicating that Congress intended

otherwise than it expressly provided. The court therefore is inclined to follow the opinion of Judge Caffey in the United States District Court of this District, United States v. Newman, 63 F.Supp. 269, in which he states that the only remedy available for any asserted injustice or hardship created by this provision is an appeal to Congress to modify the statute.

The motion accordingly is denied.