**UNITED STATES v. GANAPOSKI.**
No. 11532 C. D.

District Court, M. D. Pennsylvania.
Sept. 2, 1947.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for the Government.

Albert B. Carrozza, of Pittston, Pa., for defendant.

MURPHY, District Judge.

The question for decision is a motion to dismiss an indictment which charges defendant with a violation of 11 U.S.C.A. § 52, subs. b(1) and b(6) (July 1, 1898, c. 541, Section 29, 30 Stat. 554, as amended May 27, 1926, c. 406, Section 11, 44 Stat. 665, June 22, 1938, c. 575, Section 1, 52 Stat. 855).

b(1) reads inter alia as follows: "having knowingly and fraudulently (1) concealed from the * * * trustee * * * any property belonging to the estate of a bankrupt".

b(6) "While an agent or officer of any person or corporation, and in contemplation of a proceeding under this title by or against such person or corporation, or with intent to defeat this title, concealed or, with or without concealment, transferred any of the property of such person or corporation."

The statute of limitations for the foregoing is set forth in Section 52, sub. d: "A person shall not be prosecuted for any offense arising under this title unless the indictment is found * * * within three years after the commission of the offense: Provided, That the offense of concealment of assets of a bankrupt shall be deemed to be a continuing offense until the bankrupt shall have been finally discharged, and the period of limitations herein provided shall not begin to run until such final discharge."

After an involuntary petition in bankruptcy was filed against defendant on June 15, 1938, defendant was adjudicated a bankrupt. The indictment returned October 22, 1946, charges defendant with having on or about August 15, 1938, concealed from the trustee in bankruptcy certain specified personal property of the bankrupt estate; that the concealment continued up to the date of the indictment; that defendant acted with intent to defeat the provisions of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. b(1, 6); finally, that defendant

had not up to the date of indictment received a final discharge in bankruptcy.

Defendant moved to dismiss the indictment on the ground that (1) prosecution is barred by the statute of limitation; (2) the amendment to the statute of limitations does not apply to all debtors equally; (3) the amendment is an ex post facto law; (4) the indictment does not charge an offense against the United States.

An examination of the indictment shows the date of the alleged concealment as commencing August 15, 1938, and that the concealment continued up to the date of the indictment. Further that defendant did not up to the date of the indictment receive a final discharge. Those allegations charge an offense, to wit, violation of 11 U.S.C.A. § 52, sub. b(1, 6).

Defendant argues that the statute of limitations had expired long before the date of the indictment; that although the bankruptcy proceedings were pending when the Chandler Act of 1938 went into effect on September 22, 1938, the proviso of Section 52, sub. d, should not affect proceedings then pending. Says defendant, if it did affect the proceedings it was an ex post facto law and invalid; also because it did not treat all debtors alike. With this we cannot agree.

When a right of acquittal has not been absolutely acquired by the completion of the period of limitation, that period is subject to enlargement without being obnoxious to the constitutional prohibition against ex post facto laws.

Such an extension makes no change in the rules of evidence or quantum of proof. An act of limitation is an act of grace purely on the part of the sovereign and especially is this so in the matter of criminal prosecution. Such enactments are measures of public policy. They are entirely subject to the will of Congress. Commonwealth v. Duffy, 96 Pa. 506, 42 Am.Rep. 554; Moore v. State, 43 N.J.L. 203, at page 213, 39 Am.Rep. 558; Falter v. United States, 2 Cir., 23 F.2d 420, at page 425, opinion by Judge Learned Hand; United States v. Nazzaro, D.C.S.D.N.Y. March 14, 1946, 65 F.Supp. 456; United States v.

Newman, D.C.S.D.N.Y. June 7, 1945, 63 F. Supp. 269; United States v. Fraidin, D.C. D.Md. October 27, 1945, 63 F.Supp. 271, at page 276.

■■■ Defendant complains that the amendment does not apply to all debtors equally. It was within the right and power of congress to make such a classification. Certainly it applies with equal force to all within the classification therein specified. The Bankruptcy Act was intended to cover completely all matters of discharges and the circumstances under which they might be granted. Davis v. Pringle, 4 Cir., 1924, 1 F.2d 860, at page 862.[1]

Hanover Nat. Bank v. Moyses, 186 U.S. 181, at page 192, 22 S.Ct. 857, 862, 46 L.Ed. 1113, "Congress may prescribe any regulations concerning discharge in bankruptcy that are not so grossly unreasonable as to be *incompatible with fundamental law* * * *." Defendant's brief refers only to United States v. Fraidin, supra, as aid to his contention. See however that opinion, 63 F.Supp. at page 283.

Defendant points to nothing by way of citation of authority or argument to convince us that the classification made in 29 sub. d,[2] was illegal or unconstitutional.

Defendant finally relies upon the case of United States v. Fraidin, supra, and particularly the reasoning and conclusion of that court. Confronted with a situation similar to that before us, the court in a very learned and exhaustive opinion referred to the discussion in 2 Collier on Bankruptcy, 14th Ed., Section 29.15, p. 1206, where the author in discussing Section 29, sub. d, states: "Now the period of limitations is governed completely by events outside the acts of the defendant in concealing his property, namely, discharge. In view of the fact that a discharge might be refused because there was concealment, or for numerous other reasons, it is quite possible that the period in which an indictment could be brought for concealment of assets might run interminably. It would seem that the general objective sought by the proviso *could have been attained* by making the concealment of assets a continuing offense until dis-

charge or *denial thereof.*" (Italics supplied.) It will be noted that the author states that "the general objective sought by the proviso could have been attained by making the concealment of assets a continuing offense until discharge or denial thereof." We do not disagree with the able author of the text of that valuable book, but surely it was not made as a suggestion to the courts to make an addition to the legislation as it was written by Congress.

■■■ The court in the Fraidin case reasoned that it was proper to make such an addition and concluded (see Id., 63 F.Supp. at page 285) that "the proviso in this section as amended should be construed as though the words 'or until denial thereof' appeared at the very end of the proviso." We do not feel the court had the right make such an addition. We refuse to do so.

In United States v. Newman, supra, 63 F. Supp. at page 270, the court stated inter alia, construing Section 29, sub. d;

"(3) Difficulties such as are anticipated are an insufficient justification for refusing to adopt an interpretation of Section 29 which its language plainly demands. (4) Unwise public policy is not the equivalent of lack of power or if (as here) Congress possess the authority to legislate as it has done in the two sections named, that is not the business of this court."

United States v. Nazzaro, supra [65 F. Supp. 457]: "The provisions of Section 29, sub. d, are not ambiguous. Congress and not the courts must determine if and when prosecution for an offense should be barred by limitation. No legislative history has been found or called to the attention of the court indicating that Congress intended otherwise than it expressly provided." The court followed United States v. Newman, supra, in the conclusion that the only remedy available for any asserted injustice or hardship created by this provision is an appeal to Congress to modify the statute.

■■■ "The general rule respecting statutes of limitation is that the language of the act must prevail, and no reasons based on apparent inconvenience or hardship can justify a departure from it." Amy v.

---

[1] Affirmed 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974.

[2] Reference to section of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. d

Watertown, 1889, 130 U.S. 320, 9 S.Ct. 537, 538, 32 L.Ed. 953.

■ At common law it is well settled that where the statute makes no exceptions courts can make none. Murray v. Chicago & N. W. R. Co., 8 Cir., 1899, 92 F. 868, at page 872.

"But the words of the statute are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases." Corona Coal Company v. United States, 263 U.S. 537, at page 540, 44 S.Ct. 156, 68 L.Ed. 431, 433.

"* * * we cannot interpolate the words 'native-born citizen' without usurping the legislative function. * * * The words of the statute being clear, if it unjustly discriminates against the native-born citizen, or is cruel and inhuman in its results, as forcefully contended, the remedy lies with Congress and not with the courts. Their duty is simply to enforce the law as it is written, unless clearly unconstitutional." Chung Fook v. White, 264 U.S. 443, 445, 44 S.Ct. 361, 362, 68 L.Ed. 781, 782.

Otis v. Bennett, 3 Cir., 1937, 91 F.2d 531, at page 532, in a per curiam opinion: "In Amy v. Watertown, 130 U.S. 320, 324, 9 S. Ct. 537, 538, 32 L.Ed. 953, it is stated: 'The general rule' respecting statutes of limitations 'is that the language of the act must prevail, and no reasons based on apparent inconvenience or hardship can justify a departure from it.'" See also Versluis v. Town of Haskell, Okl. (Versluis v. Union Graded School Dist. No. 2 of Muskogee County, Okl.), 10 Cir., 154 F.2d 935, 936; Pickering v. Leiberman, 3 Cir., 41 F. 376, 377; Thayer v. Kansas Loan & Trust Co., 3 Cir., 100 F. 901, 903, 904; Lamb v. Powder River Live Stock Co., 8 Cir., 132 F. 434, 442.

■ "There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses, and no room is left for construction." Swarts v. Siegel, 8 Cir., 117 F. 13, at page 18, Sanborn J.; Davis v. Pringle, 268 U.S. 315,

at page 318, 45 S.Ct. 549, 550, 69 L.Ed. 974, discussing "the normal usages of speech."

■ Nothing is better settled than that statutes should be sensibly construed with a view to effectuating the legislative intent. Williams v. United States Fidelity Co., 236 U.S. 549, at page 555, 35 S.Ct. 289, 59 L.Ed. 713.

"The courts may not change what Congress did on the theory that the general purpose of Congress will be more nearly carried out by construing the act to mean something which Congress was unwilling to say." In re Truitt, D.C.D.Md., 203 F. 550, at page 557.

■ Statutes should be faithfully observed and interpreted without sacrificing the legal or constitutional rights of the accused.

See an excellent article by Mr. Justice Frankfurter on the Reading of Statutes, Columbia Law Review, May, 1947, Vol. 47, No. 4, p. 527. See Id. at 534, "An omission at the time of enactment, whether careless or calculated, cannot be judicially supplied however much later wisdom may recommend the inclusion."

See Id. at 535, "Judges may differ as to the point at which the line should be drawn, but the only sure safeguard against crossing the line between adjudication and legislation is an alert recognition of the necessity not to cross it and instinctive, as well as trained, reluctance to do so." See Iselin v. United States, 1926, 270 U.S. 245, 250, 251, 46 S.Ct. 248, 70 L.Ed. 566.

■ Finally defendant complains of the language of the indictment in not furnishing details and the use of the language "the exact nature thereof being to your Grand Jurors at this time unknown * * *."

See 2 Collier on Bankruptcy, Section 29.05, p. 1165: "Most of the cases have held that such an averment is all right. Where objection has been successfully made to such a statement it has been shown that the grand jury or at least the prosecuting authorities knew more about the facts than was given in the indictment. But a mere claim that the grand jury knew more is

986

not enough; the variance must be positively shown."

Kanner et al. v. United States, 2 Cir., 21 F.2d 285, at page 287: "Where the very essence of the crime is secreting property, how can it be necessary to allege knowledge of that of which the defendant's own acts prevent any knowledge? It is enough to excuse particularity of description of the manner of committing the offense for the grand jurors to allege that they do not know the details. Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709." See also Somberg v. United States, 7 Cir., 71 F.2d 637, 639, citing with approval Kanner et al. v. United States, 2 Cir., 21 F.2d 285.

For the foregoing reasons, we feel that the defendant's motion to dismiss should be denied. An order to that effect will be filed forthwith.