Clyde C. WINSLOW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14255.

United States Court of Appeals Ninth Circuit.

Nov. 12, 1954.

Rehearing Denied Feb. 7, 1955.

———◆———

Odes J. Harwood, Oklahoma City, Okl., for appellant.

Krest Cyr, U. S. Atty., Butte, Mont., Dale F. Galles, Asst. U. S. Atty., Billings, Mont., Joseph G. Mudd, Asst. U. S. Atty., Glasgow, Mont., for appellee.

Before ORR and FEE, Circuit Judges, and DRIVER, District Judge.

DRIVER, District Judge.

Winslow appeals from a judgment, based upon the verdict of a jury, convicting him of fraudulent concealment of the property of a bankrupt. The only question presented is whether the indictment was barred by limitation.

The pertinent allegations of the indictment may be summarized briefly as follows:

Winslow, continuously from April 14, 1947 to the date of the indictment (October 16, 1951) fraudulently and knowingly concealed personal property, consisting of money, from his Trustee in Bankruptcy and from his creditors. He was adjudged bankrupt on May 12, 1947, and the Trustee was elected and qualified on June 4, 1947.

In the District Court, before the trial, Winslow moved to dismiss on the ground, among others, that the indictment was not found within three years after the commission of the offense. The motion was denied. The record does not show whether it was renewed or the defense of the statute of limitations was otherwise asserted in any manner at any stage of the trial.

Section 3282 of Title 18, U.S.C.A., places a general three-year limitation on the prosecution of federal offenses not capital. Section 3284 of the same title provides that, concealment of assets of a bankrupt shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of limitations shall not begin to run until such final discharge or denial of discharge.

▮ On consideration of the motion to dismiss, the trial court was limited to the face of the indictment and was obliged to accept the facts therein alleged as true.[1] On its face, the indictment shows that the offense charged (concealment of the assets of a bankrupt) continued up to the date of the indictment. There is no allegation that the bankrupt ever was discharged or denied a discharge. The indictment does not show that the offense was barred by limitation and the motion to dismiss was properly denied.

However, appellant directs our attention to the language of the Bankruptcy Act, Title 11 U.S.C.A. § 32, sub. e, that, "If the bankrupt fails to appear at the hearing upon the objections to his application for a discharge * * * he shall be deemed to have waived his right to a discharge, and the court shall enter an order to that effect", and in his brief states that, "Winslow failed to appear for examination of his assets or for a final discharge and was issued a contempt citation on June 28, 1947." Appellant contends that, since he lost his right to a discharge at that time, he should be deemed to have been denied discharge more than three years before the indictment was found.

---

1. United States v. Mertine, D.C., 64 F. Supp. 792, 794; United States v. Universal Milk Bottle Service, D.C., 85 F. Supp. 622, 625, affirmed—Universal Milk Bottle Service v. United States, 6 Cir., 188 F.2d 959. See also, United States v. Cook, 17 Wall. 168, 178, 84 U.S. 168, 178, 21 L.Ed. 538; and, Knoell v. United States, 3 Cir., 239 F. 16, 19.

■ The contention is untenable. It has neither factual nor legal foundation. No testimony has been brought up in the record and no documentary evidence other than Winslow's adjudication of bankruptcy—"Plaintiff's Exhibit No. 2". Another document entitled "Docket Entries" is included in the record but it does not appear to have been admitted in evidence. On the contrary, the attached certificate of the District Court Clerk recites that it is "a true copy of the docket entries in Bankruptcy Case No. 5075, In the matter of Clyde Winslow * * * Bankrupt, as appears from the Bankruptcy Docket in my office as such Clerk."

■ Even if we assume that it was judicially noticed by the trial court,[2] the document would not furnish factual support for appellant's contention. The docket entries do not show that the bankrupt ever failed to appear at any hearing for examination of his assets, or pertaining to his discharge.[3]

Appellant relies upon two district court cases, United States v. Fraidin, D.C., 63 F.Supp. 271, and United States v. Zisblatt Furniture Co., D.C., 78 F.Supp. 9. Both of them were decided prior to the revision of Title 18, U.S.C., in 1948. Section 3284 of Title 18, formerly was a proviso to Section 52(d) of Title 11, U.S.C., 1940 Ed. Before revision, it provided that concealment of assets of a bankrupt should be a continuing offense until final discharge and that the period of limitation should not begin to run until such final discharge. After the revision, Section 3284 made the offense a continuing one until final discharge *or denial thereof*, and expressly provided that the limitation period should commence to run either upon discharge *or denial of discharge*.

In the Fraidin case [63 F.Supp. 284] an individual bankrupt had, by operation of then existing law, become forever foreclosed of the right to a discharge on a date more than three years prior to the return of an indictment charging him with concealment of assets of his bankruptcy estate. The Court reasoned that, if the statutory provision as it then stood were literally and strictly applied (that the period of limitation would not begin to run until the bankrupt's discharge), it would mean that prosecution of the offense would never be barred since the right of discharge had been lost. The Court concluded that Congress could not have intended such an unreasonable, oppressive, and absurd result and construed the statute as though the words, "or until denial thereof," had been added thereto, so that the period of limitation would commence upon the denial of discharge as well as upon discharge. The Court held that the bankrupt should be deemed to have been denied a discharge upon the date he finally lost the right of discharge and, therefore, that the offense was barred by limitation.

In the Zisblatt Furniture Co. case, which involved concealment of assets of a corporate bankrupt, the district court followed substantially the same reasoning and reached a similar result.

In three other cases district courts took a contrary view. They reasoned that, since the intent of Congress was clearly expressed in the plain and unam-

---

2. Ordinarily a court will not take judicial notice of the record in other or different proceedings unless it is produced and put in evidence. 20 Am.Jur. 105; National Surety Co. v. United States, 9 Cir., 29 F.2d 92, 97; Paridy v. Caterpillar Tractor Co., 7 Cir., 48 F.2d 166, 168; Benetti v. United States, 9 Cir., 97 F.2d 263, 266; Walker v. United States, 9 Cir., 113 F.2d 314, 318, 129 A.L.R. 725; Funk v. Commissioner of Internal Revenue, 3 Cir., 163 F.2d 796, 801.

3. None of the documents mentioned in the docket entries is set out in the printed record. The only entries which could possibly have any bearing on appellant's contention are the following: " * * * Apr. 25, 1947—Filed Subpoena to Alleged Bankrupt. (Not served.) Apr. 25, 1947—Filed praecipe for issuance of another subpoena to Alleged Bankrupt. Apr. 25, 1947—Issued Subpoena to Alleged Bankrupt. May 5, 1947—Filed Subpoena to Alleged Bankrupt (served on Alleged Bkt. on Apr. 26, 1947) * * * June 28, 1947—Filed Certificate of Referee as to Facts, Constituting Contempt on the part of the Bankrupt, Clyde Winslow. * * * "

biguous language of the statute, the three-year limitation did not begin to run until final discharge of the bankrupt.[4]

It is not necessary for us to choose between the conflicting lines of decision as the cases are not in point here in view of the change that has been made in the statute. The revision of Title 18 made the very same addition to the prior law which the Court in the Fraidin case held should be made to express the legislative intent, namely, the provision that the period of limitation would commence to run upon denial of discharge as well as upon discharge. It may be assumed that Congress made the change advisedly and that, the statute as it now stands expresses the intent of that body.[5] Application of the statute in the present case entails no unreasonable, oppressive, or absurd result. Winslow had full control of the situation. It was within his power to apply for, and to secure the entry of, an order denying discharge if it were not possible for him to secure a discharge. The order would have been sufficient to start the running of the three-year period of limitation.

We find no error in the record and the judgment is affirmed.

---

**4.** United States v. Newman, D.C., 63 F. Supp. 269; United States v. Nazzaro, D. C., 65 F.Supp. 456; and United States

v. Ganaposki, D.C., 72 F.Supp. 982.

**5.** The reviser's note, following Section 3284, of Title 18, U.S.C.A., reads in part

---

as follows: "The words 'or a discharge denied' and 'or denial of discharge' were added on the recommendation of the De-

partment of Justice to supply an omission in existing law."