## Ex parte LEONG SHEE.

(District Court, N. D. California, First Division. August 16, 1921.)

No. 17291.

**Aliens ⬤⟞46—Alien wife of native-born citizen if afflicted with dangerous contagious disease not entitled to admission.**

Immigration Act, § 22 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼*l*), providing that whenever a naturalized alien or one who has taken up his permanent residence in this country shall send for his wife or minor children, and either wife or child shall be affected with any contagious disorder, such person, if thought curable, shall be treated in hospital until cured at the expense of the husband or father, and then admitted, "provided, that if the person sending * * * is naturalized, a wife to whom married, or a minor child born subsequent to such * * * naturalization shall be admitted without detention for treatment in hospital," held not to authorize the admission, as matter of right of the alien wife of a native-born citizen if affected with a dangerous contagious disease.

Habeas Corpus. In the matter of Leong Shee. Demurrer to petition sustained.

George A. McGowan, of San Francisco, Cal., for petitioner.

Frank M. Silva, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

RUDKIN, District Judge. This case involves the construction of section 22 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼*l*). Section 3 of that act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b) excludes from admission into the United States persons afflicted with a loathsome or dangerous contagious disease. Section 22 reads as follows:

"That whenever an alien shall have been naturalized or shall have taken up his permanent residence in this country, and thereafter shall send for his wife or minor children to join him, and said wife or any of said minor children shall be found to be affected with any contagious disorder, such wife or minor children shall be held, under such regulations as the Secretary of Labor shall prescribe, until it shall be determined whether the disorder will be easily curable or whether they can be permitted to land without danger to other persons; and they shall not be either admitted or deported until such facts have been ascertained; and if it shall be determined that the disorder is easily curable and the husband or father or other responsible person is willing to bear the expense of the treatment, they may be accorded treatment in hospital until cured and then be admitted, or if it shall be determined that they can be permitted to land without danger to other persons, they may, if otherwise admissible, thereupon be admitted: Provided, that if the person sending for wife or minor children is naturalized, a wife to whom married or a minor child born subsequent to such husband or father's naturalization shall be admitted without detention for treatment in hospital, and with respect to a wife to whom married or a minor child born prior to such husband or father's naturalization the provisions of this section shall be observed, even though such person is unable to pay the expense of treatment, in which case the expense shall be paid from the appropriation for the enforcement of this act."

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is no dispute as to the facts. The petitioner is a Chinese person born in China, and is afflicted with a dangerous contagious disease. Her husband, Young Poo, is a native-born citizen of the United States. The question is therefore presented whether the alien wife of a native-born citizen may enter the United States as a matter of right, although afflicted with a dangerous contagious disease. The claim of the petitioner is based on the proviso to section 22, supra. It is contended that under that proviso the wife of a naturalized citizen may enter the United States as a matter of right, provided the marriage took place subsequent to the naturalization of the husband, and that the rights of naturalized citizens are no greater than the rights of a native-born citizen. If the premise is sound the conclusion would no doubt follow. But I am far from satisfied that the alien wife of a naturalized citizen is entitled to admission under the proviso in question, even though the marriage took place subsequent to the naturalization. On the contrary, I am inclined to the opinion that section 22 is a limitation upon the right of citizens of the United States to admission, and that the section and accompanying proviso apply only to the wives of naturalized citizens who become naturalized through the naturalization of their husbands. If I am correct in this conclusion, there is no provision of law authorizing the alien wife of either a native-born or naturalized citizen to enter this country as a matter of right. On the argument my attention was called to the fact that a different construction has been placed upon the section by numerous decisions of the Department of Labor. But if the last construction is correct the prior rulings are of no avail.

The demurrer is sustained.