## CHUNG FOOK v. WHITE, Commissioner of Immigration. *

(Circuit Court of Appeals, Ninth Circuit. March 12, 1923.)

### No. 3922.

Aliens ⊕⇒53—"Wife" of citizen having dangerous disease not entitled to admission, if, because of race, incapable of becoming citizen.

The proviso to Immigration Act Feb. 5, 1917, § 22 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼l), that the wife of a naturalized alien, to whom he was married subsequent to naturalization, shall be admitted without detention for treatment of a disease with which she is found to be affected, relates only to a wife who by her marriage has acquired her husband's citizenship, and does not apply to a Chinese wife, who, notwithstanding her marriage, though to a native-born citizen, by reason of her race is incapable of becoming a citizen.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wife.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Chung Fook against Edward White, Commissioner of Immigration for the port of San Francisco. Writ denied, and petitioner appeals. Affirmed.

Joseph P. Fallon and George A. McGowan, both of San Francisco, Cal., for appellant.

John T. Williams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Lee Shee, a Chinese woman, made application to be admitted to the United States as the wife of Chung Fook, a native-born citizen of the United States. She was denied a landing by a board of special inquiry on the ground that she was an alien afflicted with a dangerous contagious disease, known as clonorchiasis; the finding being based on the certificate of the medical examiner of aliens. Chung Fook appeals from an order of the court below denying his petition for a writ of habeas corpus on behalf of Lee Shee.

It is contended that it is cruel, inhuman, and unjust, and contrary to the reason and spirit of the law and American institutions, to refuse admission of the wife of the appellant, a native-born citizen of the United States lawfully resident and domiciled therein, and that

to exclude her is to violate section 22 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼*l*). It is not disputed that Lee Shee, being incapable of naturalization, remained an alien notwithstanding her marriage to a citizen of the United States; but it is claimed that an absolute exemption from detention for treatment and exclusion from the United States is implied in the proviso appended to section 22. That section provides that, in the case of an attempted entry into this country of a diseased wife of a naturalized alien or permanent resident alien, the wife shall be held until "it shall be determined whether the disorder will be easily cured," or whether she could be permitted to land without danger to other persons. The provision for the detention of such diseased persons, for treatment in hospital until cured, continues with this proviso:

"Provided that, if the person, sending for wife or minor children is naturalized, a wife to whom married or a minor child born subsequent to such husband or father's naturalization shall be admitted without detention for treatment in hospital."

The proviso relates only to the wives of naturalized citizens, and does not by its terms include the case of the alien wife of a native-born citizen. But it is contended that, inasmuch as the proviso gives an absolute right of admission to the wife of a naturalized citizen where the naturalization has preceded the marriage, it follows that under a proper construction of the statute the wife of a native-born citizen is entitled to the same right, and that to hold otherwise is to give the naturalized citizen greater privileges and immunities than those which are enjoyed by native-born citizens.

We think that the exemption from detention expressed in the proviso was intended to relate only to the wife who by marriage has acquired her husband's citizenship and thus has become a citizen of the United States, and that it does not apply to a wife who, notwithstanding her marriage to a citizen, still remains an alien, as provided by section 1994, Rev. Stats. (Comp. St. § 3948). Section 22 of the Act of February 5, 1917, prescribes a different treatment for each of these classes. The wife who remains an alien, because she was married before her husband's naturalization, is to be detained and given treatment in hospital; but the wife married subsequently to her husband's naturalization, if she herself was entitled to naturalization, is to be admitted without detention for treatment in hospital, and this obviously for the reason that by her marriage she has become a citizen of the United States, and entitled to admission regardless of her physical condition.

Such being our view of the statute, we affirm the judgment of the court below.