CHUNG FOOK v. WHITE, AS COMMISSIONER OF IMMIGRATION FOR THE PORT OF SAN FRANCISCO.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 299. Argued February 26, 1924.—Decided April 7, 1924.

The proviso of § 22 of the Immigration Act of February 5, 1917, under which the wife of a "naturalized" citizen, married to him after his naturalization and sent for by him, may be admitted without detention for treatment in hospital though found to be affected with a contagious disorder, cannot be extended by judicial construction to include the wife of a native born citizen. P. 445.

287 Fed. 533, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals which affirmed a judgment of the District Court denying a petition for a writ of *habeas corpus.*

*Mr. Jackson H. Ralston,* with whom *Mr. G. W. Hott* was on the brief, for petitioner.

---

*Mr. Assistant Attorney General Ottinger,* with whom *Mr. Solicitor General Beck* and *Mr. Harvey B. Cox,* Special Assistant to the Attorney General, were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Chung Fook is a native-born citizen of the United States. Lee Shee, his wife, is an alien Chinese woman, ineligible for naturalization. In 1922 she sought admission to the United States, but was refused and detained at the immigration station, on the ground that she was an alien, afflicted with a dangerous contagious disease. No question is raised as to her alienage or the effect and character of her disease; but the contention is that, nevertheless, she is entitled to admission under the proviso found in § 22 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 891. The section is copied in the margin.[1]

A petition for a writ of *habeas corpus* was denied by the Federal District Court for the Northern District of California, and upon appeal to the Circuit Court of Appeals, the judgment was affirmed. 287 Fed. 533.

The pertinent words of the proviso are: " That if the person sending for wife or minor children is naturalized,

---

[1] " Sec. 22. That whenever an alien shall have been naturalized, or shall have taken up his permanent residence in this country, and thereafter shall send for his wife or minor children to join him, and said wife or any of said minor children shall be found to be affected with any contagious disorder, such wife or minor children shall be held, under such regulations as the Secretary of Labor shall prescribe, until it shall be determined whether the disorder will be easily curable or whether they can be permitted to land without danger to other persons; and they shall not be either admitted or deported until such facts have been ascertained; and if it shall be determined that the disorder is easily curable and the husband or father or other responsible person is willing to bear the expense of the treatment, they may be accorded treatment in hospital until

a wife to whom married or a minor child born subsequent to such husband or father's naturalization shall be admitted without detention for treatment in hospital, . . ." The measure of the exemption is plainly stated and, in terms, extends to the wife of a naturalized citizen only.

But it is argued that it cannot be supposed that Congress intended to accord to a naturalized citizen a right and preference beyond that enjoyed by a native-born citizen. The court below thought that the exemption from detention was meant to relate only to a wife who by marriage had acquired her husband's citizenship, and not to one who, notwithstanding she was married to a citizen, remained an alien under § 1994, Rev. Stats.: "Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen." To the same effect, see *Ex parte Leong Shee,* 275 Fed. 364. We are inclined to agree with this view; but, in any event, the statute plainly relates only to the wife or children of a naturalized citizen and we cannot interpolate the words "native-born citizen" without usurping the legislative function. *Corona Coal Co.* v. *United States,* 263 U. S. 537; *United States* v. *First National Bank,* 234 U. S. 245, 259–260; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210 U. S.

cured and then be admitted, or if it shall be determined that they can be permitted to land without danger to other persons, they may, if otherwise admissible, thereupon be admitted: *Provided,* That if the person sending for wife or minor children is naturalized, a wife to whom married or a minor child born subsequent to such husband or father's naturalization shall be admitted without detention for treatment in hospital, and with respect to a wife to whom married or a minor child born prior to such husband or father's naturalization the provisions of this section shall be observed, even though such person is unable to pay the expense of treatment, in which case the expense shall be paid from the appropriation for the enforcement of this Act."

281, 295; *Amy* v. *Watertown*, 130 U. S. 320, 327. The words of the statute being clear, if it unjustly discriminates against the native-born citizen, or is cruel and inhuman in its results, as forcefully contended, the remedy lies with Congress and not with the courts. Their duty is simply to enforce the law as it is written, unless clearly unconstitutional.

*Affirmed.*