## GOMEZ v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. June 29, 1925. Rehearing Denied Aug. 24, 1925.)

No. 4552.

Aliens ⬤61—Marriage of alien to American citizen after order of deportation held not to affect applicability of immigration laws.

Where a native of the Azore Islands, a race eligible to naturalization was ordered deported for constitutional psychopathic inferiority, requiring exclusion under Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), her marriage to an American citizen held not to affect applicability of immigration statutes, despite Act Sept. 22, 1922, § 2 (Comp. St. Ann. Supp. 1923, § 3961a), providing for naturalization of aliens marrying American citizens.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Application for writ of habeas corpus in behalf of Louisa Felipe Gomez, directed to John D. Nagle, Commissioner of Immigration at the Port of San Francisco. From an order denying the writ, applicant appeals. Affirmed.

A. J. Woolsey, of Oakland, Cal., and Sidney P. Robertson, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and Alma M. Myers, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Appellant, a native of the Azore Islands, arrived in the United States in September, 1923, and was then about 29 years old. She went to New Mexico, and later came to Oakland, Cal., where, on April 25, 1924, in due form, it was charged that at the time of her entry she was a person likely to become a public charge, and that at that same time she was a person of constitutional psychopathic inferiority. After hearing by the immigration authorities, the alien was found to have been at the time of her entry, and to be, of constitutional psychopathic inferiority. Appeal to the Secretary of Labor was taken, and she was ordered to be deported. After she was taken into custody, and while proceedings to deport were pending, on September 21, 1924, she married, and thereafter lived with, Manuel Gomez, a citizen of the United States. Re-examination of the alien was or-

dered and had, and a second deportation order was made. Habeas corpus proceedings were sued out, and from denial of the writ an appeal was taken.

The question is whether the immigration authorities were authorized to order deportation of the alien woman (not of the sexually immoral class), who was at the time of entry of constitutional psychopathic inferiority, and who, at the time of the order of deportation, was the wife of an American citizen, and who is of a race eligible to naturalization. Section 2 of the Act of September 22, 1922 (42 Stat. 1021 [Comp. St. Ann. Supp. 1923, § 3961a]), relative to citizenship of married women, expressly provides that any woman who marries a citizen of the United States after passage of that act shall not become a citizen of the United States by reason of such marriage, but, if eligible to citizenship, she may be naturalized by compliance with the naturalization laws.

Counsel urge that by appellant's marriage to a citizen of the United States she acquired, "not citizenship, but the right of naturalization under the special compensatory provision in the Act of September 22, 1922, whereby the fact of marriage gives her the right to be naturalized upon her own petition, if eligible to citizenship," and that the immigration statute is not applicable. If appellant's position is sound, then the policy of Congress to prevent the introduction and keeping in the United States of aliens suffering from dangerous contagious diseases, feeble-minded or insane persons, and others within the excluded classes (section 3, Act of 1917 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]), is defeated by the marriage of the alien to a citizen. We cannot adopt such a construction of the statutes. To do so would be to ignore the main objects and purposes of the law forbidding certain aliens from coming within the United States, and providing for the expulsion of certain aliens found within the United States. Moreover, we believe such a construction would conflict with judicial authority.

In Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165, which involved the construction of the Immigration Act of February 20, 1907, and the right to deport alien Chinese, the court held that, although the alien was married, the exclusion provisions applied, and that a married woman might be as objectionable as a single one in the respects denounced by the law then in force. In Chung Fook v. White, 264 U. S. 443, 44 S. Ct. 361, 68 L. Ed. 781, the wife of a native-born citizen of the United States sought admission, but was detained on the ground that she was an alien afflicted with a dangerous contagious disease. It was contended that, notwithstanding that fact, she was entitled to admission under that provision of section 22 of the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼l), which provides that, if a person sending for his wife is naturalized, the wife, if found to be afflicted with a contagious disorder, shall be admitted without detention for treatment in a hospital under certain conditions; but the court held that the proviso of section 22 was applicable only to the wife of a naturalized citizen, and that the woman could not be admitted. Again, in Chang Chan et al. v. Nagle (May 25, 1925), 45 S. Ct. 540, 69 L. Ed. ——, the court cited the Immigration Act of 1924 (43 Stat. 153) as applicable to instances where wives sought admission on the ground that their husbands were native citizens of the United States, permanently domiciled therein.

The fact that those cases had to do with Chinese does not detract from their relevancy in showing that the immigration statutes are necessary to be considered where a wife seeks admission on the ground that she has acquired a status by reason of marriage to a citizen of the United States. United States ex rel. Sejnensky v. Tod (C. C. A.) 285 F. 523, 26 A. L. R. 1316, is not in point, for there the woman involved was married before September 22, 1922, and therefore it was held under the then existing law that she became a naturalized citizen of the United States, and as such was not subject to deportation under the immigration laws.

As we are of opinion that the marriage of the alien has not affected the applicability of the pertinent provisions of the immigration statutes, the order of the District Court is affirmed.

Affirmed.