## THOMAS F. HARAN *v.* RALPH E. WOOLLEY AND PHILIP L. LEON.

### No. 1997.

ARGUED JUNE 9, 1931.                    DECIDED JUNE 26, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

The declaration in this case avers in part and in effect that on December 2, 1929, Umpiana Rivera, an adult employee of the plaintiff, while in the course of his employment and acting within its scope, was struck by a piece of lumber negligently thrown by defendants from their hoist at the Dillingham Transportation Building. As a result of injuries sustained from the blow Rivera died the following day. He was survived by a dependent mother, Juanita Rivera, who, under the Workmen's Compensation Act, was awarded compensation which plaintiff paid, or became liable to pay. The declaration further avers that the plaintiff, by virtue of the premises, became subrogated to the rights of the mother against the defendants; and in it plaintiff offers in the event of recovery of a sum in excess of the award, to pay the surplus over the amount of the award and expenses to Juanita Rivera.

Each defendant demurred generally and on the special grounds that the declaration on its face disclosed that Juanita Rivera had been awarded compensation for her son's death under the provisions of chapter 209, R. L. 1925, and that neither she nor the plaintiff (by subrogation or otherwise) had any right or cause of action against said defendant. The question of law reserved to this court by the trial judge is "Should the demurrers be sustained?"

Plaintiff claims that in the circumstances alleged in the declaration as above recited, a right of action for damages for the wrongful death of Umpiana Rivera, caused by negligence on the part of the defendants, was given to Juanita Rivera by section 2681, R. L. 1925; and that the plaintiff, as employer of the decedent having paid, or having become liable to pay, to Juanita Rivera under the Workmen's Compensation Act, as compensation for the death of her son, the amount theretofore awarded her by the industrial accident board, thereby, under the provisions of section 3608, R. L. 1925, became subrogated to the rights of Juanita Rivera against the defendants.

Section 2681, R. L. 1925, our territorial death statute, prior to its amendment on March 19 of this year by Act 16, L. 1931, provided as follows: "When the death of a person is caused by the wrongful act or neglect of another, any person who was wholly or partly dependent upon such decedent and *who has no remedy for compensation under the provisions of chapter 209,* may maintain an action for damages against the person causing the death, or if such person so liable was then employed by another person who is responsible for his conduct, then also against such employer. In every action under this section such damages may be given as under all the circumstances may be just. Such action must be commenced within one year after the injury which caused the death." (The italics are ours.)

Section 3608 of chapter 209 (Workmen's Compensation Law), R. L. 1925, provides in part as follows: "When any injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from or proceed

at law against that other person to recover damages; and if compensation is claimed and awarded under this chapter any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person * * * ."

Section 2681, above quoted, was passed in 1923. Prior to its enactment no action (except against an employer under the provisions of the Workmen's Compensation Act) could be maintained in this jurisdiction by a parent for the death of an adult son or daughter caused by the negligence of another. See *Hall* v. *Kennedy,* 27 Haw. 626, 629. Therefore, Juanita Rivera has never had any right in the premises against the two defendants or either of them, unless such right existed under section 2681, as above quoted, and before its amendment of this year. It will be noted from the portion of section 2681 which we have italicized that the rights of action conferred by that section are limited to dependents of the decedent who have no remedy for compensation under the Workmen's Compensation Act. In the instant case the dependent mother of the decedent had a remedy (of which she availed herself) for compensation against the decedent's employer under the Compensation Act. She therefore does not come within the class of persons upon whom the statute confers such rights of action unless the statute is construed as plaintiff asks us to construe it, namely, as though it read: "When the death of a person is caused by the wrongful act or neglect of another, any person who was wholly or partly dependent upon such decedent and who has no remedy for such compensation under the provisions of chapter 209, *against the person committing such wrongful act or neglect,* may maintain an action for damages against the person causing the death, or if such person so liable was then employed by another per-

son who is responsible for his conduct, then against such employer * * * ." (The italics are ours.) This construction would require the insertion in section 2681 of the words which we have italicized. "The statute itself furnishes the best means of its own exposition; and if the intent of the act can be clearly ascertained from a reading of its provisions, and all its parts may be brought into harmony therewith, that intent will prevail without resorting to other aids for construction." 2 Lewis' Sutherland, Statutory Construction, 2d Ed. § 348, p. 665. In the instant case the statute is clear and presents no disharmony requiring or permitting the construction asked. Said Mr. Justice Sutherland, in delivering the opinion of the Supreme Court of the United States in the recently decided case of *Crooks* v. *Harrelson,* 51 S. Ct. 49, on pages 50 and 51: "Courts have sometimes exercised a high degree of ingenuity in the effort to find justification for wrenching from the words of a statute a meaning which literally they did not bear in order to escape consequences thought to be absurd or to entail great hardship. But an application of the principle so nearly approaches the boundary between the exercise of the judicial power and that of the legislative power as to call rather for great caution and circumspection in order to avoid usurpation of the latter. *Monson* v. *Chester,* 22 Pick. (Mass.) 385, 387. It is not enough merely that hard and objectionable or absurd consequences, which probably were not within the contemplation of the law framers, are produced by an act of legislation. Laws enacted with good intention, when put to the test, frequently, and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable. But in such case the remedy lies with the lawmaking authority, and not with the courts. See *In re Alma Spinning Company,* L. R. 16 Ch. Div. 681, 686; *King* v.

*Commissioners,* 5 A. & E. 804, 816; *Abley* v. *Dale,* L. J. (1851) N. S. Pt. 2, Vol. 20, 233, 235. And see generally *Chung Fook* v. *White,* 264 U. S. 443, 445, 44 S. Ct. 361, 68 L. Ed. 781; *Commissioner of Immigration* v. *Gottlieb,* 265 U. S. 310, 313, 44 S. Ct. 528, 68 L. Ed. 1031." Thus, until our own legislature at its 1931 session had undertaken to provide through the proper channel of amendment a remedy for hardships complained of in the death statute, there were no "circumstances creating in some other person than the employer a legal liability to pay damages" in respect to any injury for which compensation is payable under chapter 209, R. L. 1925, within the meaning of section 3608 of said last named chapter; and the amendment coming too late to avail Juanita Rivera in the instant case, she therefore had no right of action against the defendants under section 2681, to which the plaintiff could become subrogated under section 3608, or in any other way.

The trial judge's question is answered in the affirmative. The demurrers should be sustained.

*E. H. Beebe* (*Thompson, Beebe & Winn* on the brief) for plaintiff.

*W. R. Ouderkirk* and *H. L. Wrenn* (*Prosser, Anderson, Marx & Wrenn* and *W. R. Ouderkirk* on the briefs) for defendants.