JULIAN ELLISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellison v. Commissioner
Docket No. 7990-94.
United States Tax Court
T.C. Memo 1995-427; 1995 Tax Ct. Memo LEXIS 427; 70 T.C.M. (CCH) 598; August 30, 1995, Filed *427 Decison will be entered for respondent. Julian Ellison, pro se. Lynne A. Camillo, for respondent. CARLUZZO, Special Trial Judge CARLUZZO
MEMORANDUM FINDINGS OF FACT AND OPINION CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $ 1,350 and a section 6662(a) accuracy-related penalty in the amount of $ 270. The deficiency and related penalty result entirely from the imposition of the section 55 alternative minimum tax. The issues for decision are: [2] (1) Whether petitioner is liable for the alternative minimum tax under section 55; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a). *428 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Gaithersburg, Maryland. Petitioner filed his 1992 Federal income tax return claiming the status of married filing a separate return and reported adjusted gross income in the amount of $ 43,678. On his Schedule A, Itemized Deductions, petitioner claimed total itemized deductions in the amount of $ 24,187. A significant portion of these deductions ($ 13,993) was attributable to miscellaneous itemized deductions and deductions for State and local taxes paid. [3] After further deductions for personal exemptions, petitioner's taxable income for the year 1992 was $ 12,591. Based upon the amount of his taxable income, petitioner reported a regular income tax liability of $ 1,886. Petitioner did not file a Form 6251, Alternative Minimum Tax--Individuals, with, or report any alternative minimum tax liability on, his 1992 return. During that year, petitioner was employed by the Department of Treasury as an economist. *429 Respondent does not dispute the correctness of any item of income, deduction, or credit shown on petitioner's 1992 return, rather she claims that the application of the provisions of section 55 result in the imposition of an alternative minimum tax liability on petitioner for that year. Petitioner argues that he is not subject to the alternative minimum tax provisions because the amount of his income was less than the exemption amount provided in section 55(d) for taxpayers claiming the status of married filing a separate return. OPINION Section 55(a) imposes an alternative minimum tax (AMT) on noncorporate taxpayers equal to the excess of the "tentative minimum tax" over the "regular tax" for the taxable year. The term "regular tax" means the "regular tax liability for the taxable year (as defined in section 26(b))". Sec. 55(c)(1). Section 55(b)(1)(A) provides that the tentative minimum tax is 24 percent of so much of the alternative minimum taxable income (AMTI) as exceeds the exemption amount. Section 55(b)(2) defines AMTI as the taxable income of the taxpayer for the taxable year determined with the adjustments provided for in sections 56 and 58 and increased by the amount *430 of the items of tax preference described in section 57. Section 56(b)(1)(A) provides that in determining a taxpayer's AMTI, no deductions shall be allowed for miscellaneous itemized deductions and State and local taxes paid. Under section 55(d), the term "exemption amount" means $ 20,000 in the case of a married individual who files a separate return. Sec. 55(d)(1)(C)(i). Petitioner asserts that he is not subject to the AMT because his taxable income for the year 1992 was below the $ 20,000 exemption level for persons claiming the status of married filing a separate return. Respondent takes the position that it is the amount of petitioner's AMTI and not petitioner's taxable income that is used in determining the tax imposed by section 55. Respondent calculated petitioner's alternative minimum tax as follows. Starting with the amount of taxable income reported on his return and adding to that the deductions claimed for: (1) Miscellaneous itemized deductions ($ 10,424), (2) State and local taxes ($ 3,569), and (3) personal exemptions ($ 6,900), respondent determined petitioner's AMTI to be $ 33,484. Sec. 56(b)(1)(A), (E). Because petitioner's AMTI exceeded the $ 20,000 exemption amount *431 allowed by section 55(d)(1)(C)(i) by $ 13,484, respondent calculated the tentative minimum tax to be 24 percent of this excess, or $ 3,236. Sec. 55(b)(1)(A). The amount of regular tax reported on petitioner's return being $ 1,886, respondent, pursuant to section 55(a), determined petitioner to be liable for an AMT in the amount of $ 1,350. We find that respondent properly computed petitioner's AMT liability. Petitioner's argument that the AMT calculation should use his taxable income, rather than his AMTI, is simply incorrect. Respondent's calculation is in accordance with the statutory scheme for the imposition of the AMT. Based upon the foregoing, we hold that petitioner is liable for the deficiency as determined by respondent. [4]
*432 Any portion of an underpayment which is attributable to negligence or disregard of rules or regulations is subject to the accuracy-related penalty imposed by section 6662(a). Sec. 6662(b)(1). The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Petitioner bears the burden of proving that he is not liable for the accuracy-related penalty under section 6662(a). Rule 142(a); . After careful review of this record, we find petitioner liable for the section 6662 penalty for the year in issue. Petitioner listed his occupation as economist on his 1992 return. Furthermore, petitioner indicated that he was employed as an economist for the Department of Treasury during the year in issue. Petitioner's occupation makes it difficult for us to accept that petitioner made a reasonable attempt to comply with the provisions of section 55. Petitioner's background leads us to conclude that had he made a reasonable attempt to understand his obligation with respect to the imposition of *433 the AMT, he would not have argued that taxable income, rather than AMTI, should be compared to the exemption amount provided by section 55(d). Such an argument is in clear conflict with the statutory scheme that details how a taxpayer's AMT liability should be computed. Petitioner has not provided this Court with sufficient evidence to support his burden of proof with respect to the imposition of the section 6662(a) penalty. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial and in his brief, petitioner expressed a concern that he might be subject to additional deficiencies for 1992 at a later date because as of the date of trial he believed his return was still under examination by one or more of respondent's district director's offices. He was advised by the Court that, absent certain circumstances, the Court's decision in this case would provide the final resolution of his 1992 Federal income tax liability.↩
3. The remainder of the itemized deductions claimed for the year 1992 are: (1) Interest ($ 6,812), (2) gifts to charity ($ 350), and (3) casualty and theft loss ($ 3,032).↩
4. Although not clearly presented, petitioner may also be questioning the constitutionality of the alternative minimum tax. To the extent that he has raised such an argument, we find it to have no merit. See ; , affd. per curiam ; ; , affd. .↩