T.C. Memo. 1998-55


UNITED STATES TAX COURT


NORMAN EARL HOLLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18414-96.                    Filed February 10, 1998.


Norman Earl Holly, pro se.

<u>Wendy Wojewodzki</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in

_____

[1] All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.  All
(continued...)

petitioner's 1994 Federal income tax in the amount of $1,675 and an accuracy-related penalty under section 6662(a) in the amount of $335.

After concessions by respondent,[2] the only issue for decision is whether petitioner is subject to the alternative minimum tax (AMT) for the taxable year 1994.[3]

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided at Silver Spring, Maryland.

Petitioner timely filed his Federal income tax return for the taxable year 1994. On his return, petitioner reported adjusted gross income in the amount of $49,379 and claimed itemized deductions on Schedule A as follows:

| Expense | Amount |
| --- | --- |
| Real estate taxes | $725 |

---

[1](...continued)
Rule references are to the tax Court Rules of Practice and Procedure.

[2] Respondent concedes that (1) petitioner is entitled to a foreign tax credit in the amount of $239, and (2) petitioner is not liable for the accuracy-related penalty under sec. 6662(a).

[3] To the extent that petitioner seeks an abatement of interest (or a review thereof), he must make such a request to the Commissioner and await a final determination not to abate interest. Sec. 6404(g); see also Bourekis v. Commissioner, 110 T.C. __, __ (1998) (slip op. at 9).

|  |  |
|---|---|
| Charitable contributions | 885 |
| Unreimbursed job-related legal expenses | 30,247 |
| Moving expenses | 1,145 |
| Total | 33,002 |

The taxable income reflected on line 37 of petitioner's return is $13,927, and the total tax reflected on line 53 of the return, after being reduced by a foreign tax credit, is $1,850. During the taxable year 1994, petitioner was a retired Government employee. On his return for the taxable year 1994, petitioner indicated "Self-employed consultant" as his occupation.

Respondent does not dispute the correctness of any item of income, deduction, or credit reflected on petitioner's return for the taxable year 1994. Respondent, however, argues that petitioner is subject to the AMT, and, accordingly, has determined a deficiency in the amount of $1,675. Petitioner argues that the AMT was created to apply only to higher income taxpayers, and, accordingly, the AMT is not applicable in this instance because he was not a high income taxpayer during the taxable year in issue.

OPINION

Section 55(a) imposes an AMT on taxpayers to the extent that their "tentative minimum tax", as calculated pursuant to section 55(b), exceeds the "regular tax", defined in section 55(c)(1) as the regular tax liability for the taxable year reduced by the foreign tax credit. Section 55(b)(1)(A) provides that for

noncorporate taxpayers, the tentative minimum tax is 26 percent of the first $175,000 of "taxable excess" (alternative minimum taxable income (AMTI) less the exemption amount) and 28 percent of any remaining taxable excess. AMTI is the taxable income of the taxpayer for the taxable year, determined with the adjustments provided in sections 56 and 58. Sec. 55(b)(2). Section 56(b)(1) provides that, for purposes of calculating AMTI, no deduction is allowed for miscellaneous itemized deductions and State and local real property taxes paid, unless such taxes are deductible in determining adjusted gross income. The exemption amount for an unmarried taxpayer who is not a surviving spouse is $33,750. Sec. 55(d)(1)(B).

We now turn to the question of whether respondent correctly determined petitioner's AMT liability. To compute petitioner's AMT liability, respondent started with the amount of income reported by petitioner on his return before deducting the personal exemption ($16,337).[4] Respondent then added to this amount the deductions claimed for: (1) Miscellaneous itemized deductions ($30,247) and (2) real estate taxes ($725). As a result, respondent determined petitioner's AMTI to be $47,309. Since this amount exceeded the exemption amount for unmarried taxpayers by $13,559, respondent calculated the tentative minimum

---

[4] Because of a mathematical error, the amount which should have been reflected on petitioner's return and respondent's computation is $16,377.

tax to be 26 percent of this excess, or $3,525. Since the amount of regular tax reflected on petitioner's return was $1,850, respondent determined that petitioner was liable for the AMT in the amount of $1,675, the excess of the tentative minimum tax over the regular tax reflected on petitioner's return.

As indicated, petitioner argues that, since the AMT was intended to apply only to wealthier individuals, it should not apply to him in this instance. Notwithstanding the mathematical error explained <u>supra</u> note 4, we find no fault with respondent's application of the AMT provisions or the method by which respondent computed petitioner's AMT liability. The plain meaning of the AMT provisions is that the amounts claimed by petitioner on Schedule A of his return for legal expenses and real estate taxes paid are not deductible for purposes of calculating AMTI. Sec. 56(b)(1)(A). Although the results may seem harsh to petitioner in this case, Congress created the AMT by enacting the applicable statutory provisions, and we do not have the authority to disregard a legislative mandate. <u>Alexander v. Commissioner</u>, T.C. Memo. 1995-51, affd. 72 F.3d 938, 946-947 (1st Cir. 1995). Accordingly, we sustain respondent's determination.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.
