T.C. Memo. 1999-87


UNITED STATES TAX COURT


GEORGE AND JOAN PROSMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26560-96.                    Filed March 23, 1999.


George Prosman, pro se.

Ronald F. Hood, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1995 in the amount of $2,688. The issue for decision is whether petitioners are subject to the alternative minimum tax (AMT) under section 55.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Webster, New York, at the time their petition was filed. References to petitioner are to George Prosman.

FINDINGS OF FACT

During the year in issue, petitioner was employed as a computer consultant by Command Systems, Inc. (Command Systems). As a consultant, petitioner bid on different projects using a formula which included both a standard hourly base rate and a "per diem allowance" amount. Petitioner included a "per diem allowance" amount in his bid formula because most of his projects were out of town and petitioner incurred substantial meal and lodging expenses while away from home.

Accordingly, petitioner requested that Command Systems separate petitioner's "per diem allowance" amount, which petitioner used to pay for employee business expenses, from his base rate. Command Systems refused and included both amounts as wages on petitioner's 1995 Form W-2.

On their Federal income tax return for 1995, petitioners reported adjusted gross income (AGI) in the amount of $83,143.[1] On Schedule A of their 1995 return, petitioners claimed, among other deductions, the following itemized deductions:

| Expense | Amount |
| --- | --- |
| Taxes paid | $8,824.82 |
| Job expenses and other miscellaneous deductions, above the 2-percent floor | 28,589.63[2] |
| Total | 37,414.45 |

For 1995, petitioners reported income prior to the deduction for exemptions of $37,843, taxable income of $32,843, and total tax of $4,924. There is no dispute that petitioners incurred expenses as claimed on their 1995 return.

In the notice of deficiency, respondent determined that petitioners were subject to the AMT for the tax year in issue. Respondent computed an AMT in the amount of $7,612 for petitioners' 1995 tax year, and determined a deficiency in petitioners' tax in the amount of $2,688.

### OPINION

Petitioners contend that respondent's application of section 55 is inequitable.

---

[1]    This amount includes $982 in "Taxable refunds, credits, or offsets of state and local income taxes".

[2]    This amount consists of unreimbursed employee business expenses incurred by petitioner while working for Command Systems.

Section 55(a) imposes a tax equal to the excess of the tentative minimum tax over the regular tax. The tentative minimum tax for noncorporate taxpayers is equal to 26 percent of the amount (the taxable excess), as does not exceed $175,000, by which the alternative minimum taxable income (AMTI) exceeds the exemption amount, plus 28 percent of such taxable excess as exceeds $175,000. See sec. 55(b)(1)(A). The exemption amount for married couples filing a joint return is $45,000. See sec. 55(d).

AMTI equals the taxpayer's taxable income for the year with the adjustments provided in sections 56 and 58 and increased by the amount of tax preference items described in section 57. See sec. 55(b)(2). In calculating AMTI, no deduction is allowed for miscellaneous itemized deductions and State and local taxes paid, unless such amounts are deductible in determining AGI. See sec. 56(b)(1). Also, no deduction for personal exemptions under section 151 is allowed. See sec. 56(b)(1)(E).

In computing petitioners' AMTI for the year in issue, respondent disallowed petitioners' deductions for taxes paid and for job expenses and other miscellaneous itemized deductions. We have reviewed respondent's computations of the AMT and find that they comport with the provisions of sections 55 and 56.

Petitioners, however, contend that the AMT was intended to apply to high income earners rather than to lower income taxpayers, such as themselves. Petitioners contend that if

Command Systems had separated petitioner's "per diem allowance" amount from petitioner's base rate, petitioner would not have been subject to the AMT. We are not persuaded by petitioners' argument.

While we may sympathize with petitioners, under the plain meaning of the statute they are subject to the AMT. Furthermore, this Court has considered and rejected equitable arguments like those of petitioners. See Huntsberry v. Commissioner, 83 T.C. 742, 747-753 (1984); Holly v. Commissioner, T.C. Memo. 1998-55.

Petitioner may be correct in asserting that the AMT would not apply if Command Systems had designated certain amounts paid to petitioner as reimbursed employee business expenses rather than as wages. Petitioner, however, negotiated the best contract that he could, and his remuneration must be taxed based on the manner in which it was received. Respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.