T.C. Memo. 2002-196

UNITED STATES TAX COURT

LAWRENCE MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7591-01.                    Filed August 7, 2002.

Lawrence Moore, pro se.

<u>Michelle M. Lippert</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>: Respondent determined a deficiency in petitioner's Federal income tax of $4,233 for 1999.

The only issue for decision is whether petitioner is liable for the alternative minimum tax.

FINDINGS OF FACT

Petitioner resided in Toledo, Ohio, at the time the petition in this case was filed.

Petitioner timely filed his 1999 Federal income tax return. Attached to the return was a Form W-2, Wage and Tax Statement, from "Four-A Electric, Inc." reporting wages to petitioner of $54,819. Petitioner reported the amount of his wages on line 7 of the return. On Schedule A, Itemized Deductions, of his return, petitioner claimed deductions for State and local taxes of $4,999, and charitable contributions of $100. He also claimed on Schedule A miscellaneous itemized deductions for unreimbursed employee expenses of $39,224, after reduction for the 2-percent floor of section 67.[1]

From adjusted gross income of $55,207, petitioner deducted total itemized deductions of $44,323, and a personal exemption of $2,750, to arrive at taxable income of $8,134 on which he computed a tax due of $1,219. As petitioner had total withholding credits of $6,197, he claimed an overpayment of $4,978. Petitioner did not attach Form 6251, Alternative Minimum Tax-Individuals, to his 1999 income tax return, or report any liability for the alternative minimum tax on line 51 of Form 1040, U.S. Individual Income Tax Return.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

The Commissioner sent petitioner a notice of deficiency dated March 30, 2001, stating his determination that petitioner is liable for the alternative minimum tax prescribed by section 55 in the amount of $4,233.

OPINION

Since 1969, the Internal Revenue Code has included minimum tax provisions for both corporate and individual taxpayers. Tax Reform Act of 1969 (TRA 1969), Pub. L. 91-172, 83 Stat. 487. Congress enacted the minimum tax to prevent corporate and individual taxpayers from aggregating deductions to the point where they pay either no tax or a "shockingly low" tax. First Chicago Corp. v. Commissioner, 842 F.2d 180, 181 (7th Cir. 1988), affg. 88 T.C. 663 (1987). Section 301 of the TRA 1969, 83 Stat. 580, imposed a minimum tax on certain tax preference items to be added on to a taxpayer's other tax liability. The provisions remained in effect, with only minor changes, as the only minimum tax formulation in the Internal Revenue Code until 1978. See Revenue Act of 1978, Pub. L. 95-600, sec. 421(a), 92 Stat. 2871; First Chicago Corp. v. Commissioner, supra; Day v. Commissioner, 108 T.C. 11 (1997).

The Revenue Act of 1978 was supposed to repeal the add-on minimum tax for individuals and replace it with a new alternative minimum tax (AMT) beginning in 1979. Other sources indicate, however, that the two provisions co-existed in the Internal

Revenue Code until the add-on minimum tax was finally repealed by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 201(a), 96 Stat. 411, and supplanted by an amended alternative minimum tax. E.I. du Pont de Nemours & Co. v. Commissioner, 102 T.C. 1, 18 n.10, affd. 41 F.3d 130 (3d Cir. 1994), and affd. sub nom. Conoco, Inc. v. Commissioner, 42 F.3d 972 (5th Cir. 1995); United States v. Deckelbaum, 784 F. Supp. 1206, 1208 (D. Md. 1992). This TEFRA AMT provision remained in effect from 1982 until its amendment by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 701, 100 Stat. 2320, which expanded the AMT for individuals. See S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 515, 521.

The post-1986 AMT rules, sections 55-59, were enacted to establish a floor for tax liability, so that a taxpayer will pay some tax regardless of the tax breaks otherwise available to him under the regular income tax rules. See S. Rept. 99-313, supra, 1986-3 C.B. (Vol. 3) at 518. The AMT rules accomplish this goal by eliminating favorable treatment given to certain items for purposes of the regular income tax. Secs. 55(b)(2), 56, 57, 58.

The AMT is paid only if, and to the extent that, it exceeds the taxpayer's regular income tax. Sec. 55(a). The starting point in computing AMT liability is determining the "alternative minimum taxable income" (AMTI). AMTI is computed in the same manner as regular taxable income except that the adjustments

provided in sections 56 and 58 are taken into account for AMTI, and the tax preference items set forth in section 57 are not permitted to reduce AMTI. Sec. 55(b)(2). To determine the taxable amount of AMTI, the AMTI is reduced by an exemption amount, which in this case is $33,750, subject to a gradual phase-out of the exemption amount as AMTI exceeds $112,500. Sec. 55(d)(1), (3). The AMT rate is then applied to AMTI, as reduced by the exemption amount. Sec. 55(b). For the taxable year at issue in this case, the applicable AMT rate is 26 percent. The figure resulting from the application of the AMT rate to the AMTI is the tentative minimum tax (TMT).

Next, the regular income tax is compared to TMT. If TMT is greater than the regular income tax, the TMT is the final tax liability for the taxable year. Sec. 55(a).

In petitioner's case,[2] the regular income tax is $1,219, the amount petitioner reported on lines 40 and 49 of his Form 1040. Pursuant to section 55(a), the AMT is the difference between the tentative minimum tax and the regular tax. The TMT is 26 percent of the excess of petitioner's AMTI over his exemption amount of $33,750. See sec. 55(b)(1)(A)(i)(I). As petitioner had no items of tax preference in 1997, AMTI here means petitioner's taxable income determined with the adjustments provided in section 56.

---

[2]There are no factual issues in dispute that are relevant to ascertaining the tax liability of petitioner in this case and the Court therefore finds sec. 7491(a) to be inapplicable.

Petitioner reads the flush language following section 55(b)(2)(B) to mean that no adjustments provided by section 56 may be made to his taxable income to determine AMTI. The flush language states that if a taxpayer is subject to the regular tax, he is subject to the AMT, and if the regular tax is determined by reference to an amount other than taxable income, such amount shall be treated as taxable income for AMT purposes. Petitioner argues that the flush language means that the AMT tax rate can only be applied to his regular taxable income. Petitioner misunderstands the operation of the AMT. It is a tax not on taxable income but on "alternative minimum taxable income" in excess of the exemption amount. Sec. 55(b)(1); Ellison v. Commissioner, T.C. Memo. 1995-427 (AMTI of individuals includes taxable income plus State and local taxes, personal exemptions, and miscellaneous itemized deductions). And to determine AMTI the statute requires the taxpayer to make adjustments to taxable income to compute alternative minimum taxable income. Sec. 55(b)(2)(A) and (B); Holly v. Commissioner, T.C. Memo. 1998-55 (AMTI included taxable income plus personal exemption, miscellaneous deductions, and State taxes); Ellison v. Commissioner, supra.

Petitioner's taxable income for 1999 was $8,134.05, the amount reported on line 39 of Form 1040. As relevant herein, the adjustments required by section 55(b)(2) as provided in section

56(b) are threefold. First, section 56(b)(1)(A)(i) provides that no deduction shall be allowed for "any miscellaneous itemized deduction (as defined in section 67(b))". Second, section 56(b)(1)(A)(ii) states that no itemized deduction for State and local taxes shall be allowed in computing alternative minimum taxable income. Third, section 56(b)(1)(E) states that no personal exemptions shall be allowed in computing AMTI.

The effect of section 56(b)(1)(A)(i), (ii), and (b)(1)(E) is to increase petitioner's taxable income amount by: (1) $39,224, the amount claimed on petitioner's Schedule A as miscellaneous deductions for unreimbursed employee expenses; (2) $4,999, the amount claimed on petitioner's Schedule A for State and local taxes; and (3) $2,750, the amount claimed on petitioner's Form 1040 for a personal exemption.

After taking into account the foregoing three adjustments, petitioner's AMTI for 1999 is $54,719. Petitioner's AMTI exceeds the applicable exemption amount of $33,750 by $20,969. See sec. 55(d)(1)(A)(i). Petitioner's tentative minimum tax is therefore 26 percent of that excess, or $5,452. See sec. 55(b)(1)(A)(i)(I). Because petitioner's TMT exceeds petitioner's regular tax of $1,219, petitioner is liable for the alternative minimum tax in the amount of such excess, $5,452 less $1,219, or $4,233.

Accordingly, we sustain respondent's determination that there is a deficiency in petitioner's income tax for the year 1999.

The Court has considered all other arguments advanced by petitioner, and to the extent not discussed above, has found those arguments to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.