T.C. Memo. 2004-97


UNITED STATES TAX COURT



SCOTT WILLIAM KATZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18019-02.             Filed April 7, 2004.


Scott William Katz, pro se.

<u>Laura A. McKenna</u>, for respondent.



MEMORANDUM OPINION

CHABOT, <u>Judge</u>:  The instant case is before us on the
parties' cross-motions under Rule 121[1] for summary judgment.

Respondent determined a deficiency in individual income tax
against petitioner for 2000 in the amount of $4,214.  The entire

---

[1]  Unless indicated otherwise, all Rule references are to
the Tax Court Rules of Practice and Procedure.

amount of this deficiency is alternative minimum tax, under section 55.[2]

The issue for decision in both parties' motions is whether the alternative minimum tax applies to petitioner.[3]

Our statements as to the facts are based entirely on those matters that are admitted in the pleadings, those matters that are admitted in the motion papers, those matters set forth in affidavits or declarations submitted by the parties, and those matters stated and not rebutted in the Court's hearing on the motions.

## Background

When the petition was filed in the instant case, petitioner resided in West Palm Beach, Florida.

On petitioner's 2000 tax return, he claimed the status of married filing separately. On this tax return, petitioner showed adjusted gross income of $46,834.16, itemized deductions of $54,275.81, and personal exemptions of $2,800. Petitioner computed his taxable income as zero, and his tax liability as zero. He showed $133.66 as withheld income tax, all of which he

---

[2] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for the year in issue.

[3] At the hearing, petitioner stated that he does not contest the correctness of respondent's "numbers".

wished refunded.  On December 9, 2002, respondent issued the full refund to petitioner.

In the notice of deficiency, respondent's only adjustment to income was the allowance of $225 of previously unclaimed Other Interest Expense.[4]  Respondent agrees that petitioner's "regular tax" (see sec. 55(c)) is zero.

## Discussion

### 1.  Parties' Contentions

Petitioner contends that the purpose of the alternative minimum tax provisions is to prevent high-income taxpayers from escaping all income tax liability by using exclusions, deductions, and credits.  He maintains that "Obviously, the Petitioner did not have a significant level of economic income and all of his deductions and exemptions were deemed legitimate by the Respondent."  Petitioner concludes that the "Congress did not intend the AMT to apply at [sic] low or middle-income taxpayers like the Petitioner."

Respondent contends that the statute subjects petitioner to the alternative minimum tax and that the legislative history does not leave room for any interpretation of the statute that would

---

[4]  Because respondent rounded many items, this resulted in reducing petitioner's alternative minimum taxable income by $223.35.  Cf. Christman v. Commissioner, T.C. Memo. 1989-259, (additional itemized deduction increased the taxpayer's alternative minimum taxable income under the statute as in effect for 1980).

result in petitioner's not being subject to the alternative minimum tax.

We agree with respondent.

2.  Summary Judgment

Summary judgment is a device used to expedite litigation; it is intended to avoid unnecessary and expensive trials. However, it is not a substitute for trial; it should not be used to resolve genuine disputes over material factual issues. Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 618 (9th Cir. l957); Vallone v. Commissioner, 88 T.C. 794, 801 (1987). A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is not any genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b).

Because the effect of granting a motion for summary judgment is to decide the case against a party without allowing that party an opportunity for a trial, the motion should be "cautiously invoked" and granted only after a careful consideration of the case. Associated Press v. United States, 326 U.S. 1, 6 (1945); Cox v. American Fidelity & Casualty Co., 249 F.2d at 618; Kroh v. Commissioner, 98 T.C. 383, 390 (1992).

As we understand the parties' contentions, it is not necessary for us to know more of the facts in order to determine whether or not petitioner is subject to the alternative minimum tax for 2000. In light of the foregoing and petitioner's assertion that he does not dispute the correctness of respondent's calculations, we conclude that there is no genuine issue as to any material fact, within the meaning of Rule 121(b).

Accordingly, we proceed to consider whether a decision may be rendered as a matter of law.

3. <u>Alternative Minimum Tax</u>

Section 55 imposes a tax--the alternative minimum tax--equal to the excess (if any) of the tentative minimum tax over the regular tax.[5] Sec. 55(a). Petitioner's regular tax is zero, and so his alternative minimum tax is his full tentative minimum tax. Using Form 6251 (Alternative Minimum Tax--Individuals), respondent added back petitioner's appropriate itemized deductions to the amount by which petitioner's total itemized deductions exceeded his adjusted gross income. This operation resulted in petitioner's alternative minimum taxable income (sec. 55(b)(2)) being $38,707. From this amount, respondent subtracted petitioner's exemption amount. For 2000, in the case of a married person filing separately, this was $22,500. Sec.

---

[5] For a brief history of the original "minimum tax" and its eventual replacement by the "alternative minimum tax", see <u>Huntsberry v. Commissioner</u>, 83 T.C. 742, 748-752 (1984).

55(d)(1)(C). This operation resulted in petitioner's "taxable excess" being $16,207. Sec. 55(b)(1)(A)(ii). To this amount respondent applied a 26-percent tax rate. Sec. 55(b)(1)(A)(i)(I). This operation resulted in petitioner's tentative minimum tax being $4,214, which, as we noted supra, becomes petitioner's alternative minimum tax.

In its unanimous opinion in Crooks v. Harrelson, 282 U.S. 55, 60 (1930), the Supreme Court gave us the following advice as to tax statutes:

> Courts have sometimes exercised a high degree of ingenuity in the effort to find justification for wrenching from the words of a statute a meaning which literally they did not bear in order to escape consequences thought to be absurd or to entail great hardship. But an application of the principle so nearly approaches the boundary between the exercise of the judicial power and that of the legislative power as to call rather for great caution and circumspection in order to avoid usurpation of the latter. Monson v. Chester, 22 Pick. 385, 387. It is not enough merely that hard and objectionable or absurd consequences, which probably were not within the contemplation of the framers, are produced by an act of legislation. Laws enacted with good intention, when put to the test, frequently, and to the surprise of the law maker himself, turn out to be mischievous, absurd, or otherwise objectionable. But in such case the remedy lies with the law making authority, and not with the courts. See In re Alma Spinning Company, L.R. 16 Ch. Div. 681, 686; King v. Commissioner, 5 A. & E. 804, 816; Abley v. Dale, L.J. (1851) N.S. Pt. 2, Vol. 20, 233, 235. And see generally Chung Fook v. White, 264 U.S. 443, 445; Commr. of Immigration v. Gottlieb, 265 U.S. 310, 313.

More recently, the Supreme Court's almost-unanimous opinion in Badaracco v. Commissioner, 464 U.S. 386, 398 (1984), told us the following about tax statutes:

The cases before us, however, concern the construction of existing statutes. The relevant question is not whether, as an abstract matter, the rule advocated by petitioners accords with good policy. The question we must consider is whether the policy petitioners favor is that which Congress effectuated by its enactment of §6501. Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement. See <u>TVA v. Hill</u>, 437 U.S. 153, 194-195 (1978). * * *

See <u>Rath v. Commissioner</u>, 101 T.C. 196, 200 (1993).

We have noted some circumstances in which the alternative minimum tax could produce results that may be perceived as unfair. See, e.g., <u>Kenseth v. Commissioner</u>, 114 T.C. 399, 407-408 (2000), affd. 259 F.3d 881 (7th Cir. 2001); <u>Klaassen v. Commissioner</u>, 83 AFTR 2d 99-1750, 99-1 USTC par. 50,418 (10th Cir. 1999), affg. T.C. Memo. 1998-241.

The Congress did give some consideration to the treatment of lower-income people. The relevant relief that the Congress chose is embodied in section 55(d), which provides an exemption amount of $22,500 for petitioner for 2000.[6] We are not free to alter this amount, or otherwise engage in "wrenching from the words of * * * [the] statute a meaning which literally they did not bear" (<u>Crooks v. Harrelson</u>, 282 U.S. at 60) in order to achieve the result petitioner seeks.

---

[6] For 2003 and 2004, the exemption amount for a married person filing separately is $29,000. Sec. 55(d)(1)(C). We do not have authority to give even this limited relief any retroactive effect beyond what the Congress provided. See, e.g., <u>Sallies v. Commissioner</u>, 83 T.C. 44, 53 n.12 (1984) (and cases there cited).

- 8 -

Petitioner must look to the Congress for relief.

<u>An appropriate order will be issued denying petitioner's motion for summary judgment and granting respondent's motion for summary judgment. Decision will be entered for respondent</u>.