T.C. Summary Opinion 2007-103

UNITED STATES TAX COURT

ABDUL KAMARA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19016-05S.                    Filed June 21, 2007.

Allen S. Lokensky (specially recognized), for petitioner.

<u>Alex Shlivko</u>, for respondent.

NIMS, <u>Judge</u>: This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to
be entered is not reviewable by any other court, and this opinion

shall not be treated as precedent for any other case.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 2003 Federal income tax in the amount of $4,176.  The issue for decision is whether petitioner is liable for the alternative minimum tax (AMT) for the 2003 taxable year.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in New York, New York.

Petitioner timely filed a 2003 Form 1040, U.S. Individual Income Tax Return, for the year ended December 31, 2003.  The return was prepared by Allen Lokensky, a public accountant.   On the return petitioner indicated his status as head of household and claimed his parents as dependents.  In 2003, petitioner worked as a licensed practical nurse for St. Mary's Center, Inc., and De Sales Assisted Living.  He reported $121,309 in Form W-2, Wage and Tax Statement, wages on his return.

Petitioner deducted $35,017 of itemized deductions for 2003. On Schedule A, Itemized Deductions, petitioner claimed: $6,450 of medical and dental expenses, $10,298 of State and local income

taxes, $4,203 of other taxes, $7,680 of gifts to charity, $13,762 of unreimbursed employee business expenses, $250 of tax preparation fees, and $1,250 of attorney and accounting fees.

Petitioner calculated his total income tax liability to be $14,976. Petitioner failed to include any AMT or attach Form 6251, Alternative Minimum Tax--Individuals. After subtracting $13,137 for Federal income tax withheld and $2,225 for excess Social Security tax withheld, petitioner requested a refund in the amount of $386.

On July 12, 2005, respondent issued to petitioner a notice of deficiency for his 2003 Federal income tax. Respondent determined a deficiency of $4,176, which was attributable to the AMT. Petitioner filed a petition seeking redetermination of the deficiency.

Petitioner has conceded that respondent's arithmetic in computing petitioner's AMT is correct. Petitioner has also conceded that respondent computed the alternative minimum tax in accordance with the Internal Revenue Code. Petitioner nevertheless contends that respondent inappropriately applied the AMT to his circumstances.

## Discussion

Section 55 imposes an AMT in addition to all other taxes imposed by subtitle A. A taxpayer's AMT liability is the amount by which the taxpayer's tentative tax exceeds his or her regular

tax. Sec. 55(a). For noncorporate taxpayers, the tentative tax is calculated by using the taxpayer's alternative minimum taxable income. Sec. 55(b)(1)(A). As relevant to the case before us, alternative minimum taxable income is a recomputation of taxable income without the benefit of certain itemized deductions and personal exemptions. See secs. 55(b)(2), 56(b). Pursuant to this statutory scheme, respondent calculated petitioner's AMT liability to be $4,176.

As previously mentioned, petitioner does not challenge respondent's calculation of his AMT liability and agrees that the calculation was in accordance with the Internal Revenue Code. Petitioner's objection is simply that respondent erred in applying the AMT to petitioner. He asserts that Congress did not intend for the AMT to apply to taxpayers like him, who are in the nonwealthy working class. He believes he should not be subject to the AMT since he works two jobs, night shifts, weekends, and overtime to support his family. Petitioner also points out that he did not claim any tax preferences that are targets of the AMT. (Items of tax preference are described in section 57 and include depletion, intangible drilling costs, tax-exempt interest, certain accelerated depreciation or amortization, and exclusion for gains on sale of certain small business stock.)

Petitioner provides no authority to support his position. His arguments are based on criticisms of the AMT in newspaper articles and his misreading of Internal Revenue Service Publication 17, Your Federal Income Tax. These are not authoritative sources of Federal tax law. See Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979).

Furthermore, petitioner's arguments have been previously rejected by this Court. As set forth in the statute, the AMT does apply to lower-income taxpayers, not just the wealthy. See Katz v. Commissioner, T.C. Memo. 2004-97; Prosman v. Commissioner, T.C. Memo. 1999-87. Although tax preferences play a part in the computation of the AMT, a taxpayer may still be liable for the AMT even if he claimed no tax preferences. Huntsberry v. Commissioner, 83 T.C. 742, 744 (1984).

We are not unsympathetic to petitioner's concerns about the AMT's reach. This Court has stated:

> The unfortunate consequences of the AMT in various circumstances have been litigated since shortly after the adoption of the AMT. In many different contexts, literal application of the AMT has led to a perceived hardship, but challenges based on equity have been uniformly rejected. [Citations omitted.]

Speltz v. Commissioner, 124 T.C. 165, 176 (2005), affd. 454 F.3d 782 (8th Cir. 2006). Congress enacted the AMT provisions, and we

have no authority to disregard them. See <u>Holly v. Commissioner</u>, T.C. Memo. 1998-55. Accordingly, we sustain respondent's deficiency determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.